(June 1, 1900.)

## STATE v. KRUGER.

[61 Pac. 463.]

CRIMINAL LAW—CIRCUMSTANTIAL EVIDENCE—REASONABLE DOUBT.—In the trial of a criminal case, where the evidence depended upon for a conviction is circumstantial, every fact necessary to connect the defendant with the commission of the alleged crime must be established to the satisfaction of the jury beyond a reasonable doubt, but this does not impose upon the prosecution the burden of proving every collateral or corroborative fact or circumstance in the case, beyond a reasonable doubt. Definition of a reasonable doubt, as given in this case, affirmed.

(Syllabus by the court.)

APPEAL from District Court, Blaine County.

Lyttleton Price, for Appellant.

Where the prosecution depends upon circumstantial evidence, each circumstance or fact which forms a necessary link in the chain of circumstantial evidence must be established with the same degree of proof as any other fact. (*Commonwealth v. Webster,* 5 Cush. 295, 52 Am. Dec. 711; *People v. Phipps,* 39 Cal. 326; *People v. Ah Chung,* 54 Cal. 403; *People v. Smith,* 105 Cal. 678, 39 Pac. 38; *Sumner v. State,* 5 Blackf. 579, 36 Am. Dec. 561; *Campbell v. State,* 10 Tex. App. 560; *People v. Strong,* 30 Cal. 151; *People v. Chung Ah Chue,* 57 Cal. 566.) If there is a reasonable doubt as to any one fact or circumstance, or link in the chain of circumstances, the defendant is entitled to the benefit of that doubt and should not be convicted. (*People v. Eckert,* 19 Cal. 604; *People v. Kelly,* 28 Cal. 424; *People v. Kerrick,* 52 Cal. 446; *People v. Ah Chung,* 54 Cal. 398.)

Samuel H. Hays, Attorney General, for the State.

Where it appears from the record that the instructions given were given by the court, and does not show that any were given upon request of either party, the presumption is that they were given by the court, of its own motion, and must be specifically excepted to, and the exceptions saved by bill. (*State v. Hurst,*

4 Idaho, 345, 39 Pac. 554; *People v. Biles,* 2 Idaho, 114, 6
Pac. 120; *People v. McDonald,* 2 Idaho, 10, 1 Pac. 345.) It
seems to be objected that the following statement is incorrect:
"While it is necessary for the prosecution to prove all these
necessary allegations, yet it is not necessary for the prosecution
to prove each link in the chain of circumstances relied upon for
a conviction; it is sufficient if taking the testimony altogether
you are satisfied beyond a reasonable doubt of the defendant's
guilt." This paragraph must be taken with the other in-
structions, and when so taken is not erroneous. The defendant
is entitled to a verdict only in case of a reasonable doubt of
his guilt arising from all the evidence. (*Morgan v. State,* 51
Neb. 672, 71 N. W. 788, 795; *State v. McKee,* 17 Utah, 370,
53 Pac. 733; *Faulkner v. Territory,* 6 N. Mex. 464, 30 Pac.
905; *People v. Dewey,* 2 Idaho, 83, 6 Pac. 103; Sackett's In-
structions to Juries, 1st ed., 481, 482; *Miles v. United States,*
103 U. S. 304; *Hopt v. People,* 120 U. S. 430, 7 Sup. Ct. Rep.
614; *Polin v. State,* 14 Neb. 540, 16 N. W. 898.)

HUSTON, C. J.—The defendants were convicted of the
crime of burglary. From the judgment and the order denying
new trial, the appeal is taken. The appellants specify seven
errors alleged to have been committed by the trial court in the
trial of this case. We will consider them in the order in which
they are presented by the appellants' brief.

The first error alleged is that the court erred in instructing
the jury as shown at folios 37 and 38 of the record, relating
to accessaries. That instruction was a simple recital of the
provisions of the statute; nothing more, nothing less. It
might have been an act of supererogation on the part of the
court, but it cannot be seriously claimed that it was prejudicial
error.

The second error alleged is that as shown in the latter part
of folio 39, page 15, of the record, where the court instructed
the jury that "the prosecution must prove that one or more
of the defendants did break into the store building," etc.
We have examined the record carefully in regard to this specifi-
cation of error, and are unable to see wherein there is anything
upon which to predicate error.

The third assignment of error is more strenuously dwelt upon by counsel for appellants. It is alleged that the court instructed the jury that "it was not necessary for the prosecution to prove each link in the chain of circumstances relied upon to get the conviction." Too often in the administration of the criminal law the intent and purpose of the law is subverted, and the ends of justice defeated in the recognition by courts of subtle refinements of definition; and in their attempts to make that plainer, which to the ordinary mind is plain enough, in the direct words of the law, they befog and obscure the true intent and meaning of the law, and thereby impede and too often defeat, the ends of justice. This assignment of error is predicated upon that portion of the charge contained in the following words (folios 40, 41, transcript) : "While it is necessary for the prosecution to prove all these necessary allegations, yet it is not necessary for the prosecution to prove each link in the chain of circumstances relied upon for a conviction; it is sufficient if, taking the testimony altogether, you are satisfied beyond a reasonable doubt of the defendants' guilt." Counsel for appellants contends that this instruction is reversible error, and cities numerous authorities in support of his contention, first among which is the case of *Commonwealth v. Webster,* 5 Cush. 295, 52 Am. Dec. 711, and note. In that case, the learned judge (Chief Justice Shaw) who delivered the opinion says, in speaking of the proof necessary to warrant a conviction upon circumstantial evidence: "The next consideration is that each fact which is necessary to the conclusion must be distinctly and independently proved by competent evidence. I say every fact necessary to the conclusion, because it may and often does happen that in making out a case on circumstantial evidence, many facts are given in evidence, not because they are necessary to the conclusion sought to be proved, but to show that they are consistent with it, and not repugnant and go to rebut any contrary presumption." Apply the rule here laid down to the case under consideration. The burglary is shown. It was committed in the night-time, near the window through which entry was made into the building. Tracks were visible. These tracks were followed for some miles, oc-

casionally lost, and then again discovered. Peculiarities in the tracks tended to identify them as being those made by defendants. Following these tracks, the parties in pursuit come upon the defendants, secreted, or at least, partially hidden, in the brush, or by the roadside, in a section of country remote from a general thoroughfare. Upon examination of their persons and clothing, money corresponding in character and amount to that lost by the burglary was found. This money was secreted—sewn into their garments; some attempted to be hidden near where the defendants were discovered. A shirt stud, identified as having been in the burglarized safe, was found in the possession of defendants. The attempt to explain the conditions by the defendants was so flimsy and unsatisfactory as evidently had no weight with the jury. These were the circumstances which, in the opinion of the jury, were sufficient to establish the guilt of defendants.

Counsel for appellants contend that the proof of the following of the tracks was not satisfactory or conclusive; that at several points the tracks were lost, and only found again after a lapse of several miles. Objection is also made that the money found upon the defendants was not specifically identified as that taken from the burglarized safe; that while the shirt stud found in the possession of defendants was identified, it was not shown to have been the one placed in the safe by the owner. It matters not how the defendants were traced—whether by information, or by following tracks supposed to be theirs. The facts connecting them with the alleged crime were the condition and circumstances under which they were found; that they had upon them money of an amount and character corresponding with that taken from the safe; that the same was secreted, and concealed, or attempted to be, in a manner not consistent with an honest acquisition. The evidence in regard to the shirt stud, it seems to us, is sufficient to establish its identification. Both of the McGowans identify it as having belonged to their father; that he kept it, with other articles of jewelry, in a box of a certain description; that upon his deathbed, neither of his sons being present, he left word with a third party that the

box, with its contents, was deposited in the safe of Bashford, Bashford testifies that he received the box, but did not examine the contents. The failure by the defendants to give any satisfactory explanation of these facts consistent with innocence on their part all tended to establish guilt. But counsel insists that this evidence was not sufficient to establish the guilt of the defendants "beyond a reasonable doubt." Perhaps not in the mind of counsel, but it seems to have done so with the jury.

But counsel insists that the definition of a "reasonable doubt" as given by the court is not correct, and that the failure of the court to give a correct definition is reversible error. Next to a resort to evidence of previous good reputation, the last refuge of a defendant in criminal cases is a criticism of the trial court's definition of a "reasonable doubt," and the persistency of this contention has been accentuated by the efforts of trial courts to make that plainer by elaboration which is plain enough in itself. We do not think it an undue stretch of credulity for the trial court to assume that a person possessed of intelligence sufficient to permit his retention upon a jury in the trial of a criminal case may be presumed to understand the meaning of a reasonable doubt, when he is informed by the court that "it must be a doubt arising from the evidence in the case, and not derivable from, or dependent upon, any extraneous fact or circumstance." Chief Justice Shaw, in the celebrated Webster case, *supra,* says, speaking of a "reasonable doubt": "It is a term often used, probably pretty well understood, but not easily defined"; and there is where all the difficulty arises. The desire to shed more light upon that which is already sufficiently luminous inevitably results in practical obscurity. If it is apparent from the record that the definition of a "reasonable doubt," as given by the trial court, has tended to impair or prejudice any right of the defendant, such action of the trial court should be corrected here; but, from a most careful scrutiny of the instructions contained in the record in this case, we are constrained to say that every right of the defendants under the law was fully accorded and protected. Besides, the definition of a "rea-

sonable doubt," as given by the court in this case, was recognized and affirmed by this court in *People v. Dewey,* 2 Idaho, 79, 6 Pac. 103, and, while conceding that the decision in that case is subject to criticism, we do not feel authorized to repudiate it.

The introduction in evidence of the piece of cloth said to have been found at Pole corral, where it was supposed the defendants had stopped, and which piece of cloth fitted into a rent, and agreed in character and texture with the lining of the coat of the defendant Daugherty, is objected to. This could not be called "a link in the chain of circumstances" connecting defendants with the crime charged. It was merely a corroborative circumstance, which might or might not have weight with the jury.

In regard to the action of the trial court in pronouncing sentence in this case, we can only say the statute fixes the limits of punishment for the offense of which a defendant has been convicted, and within the limits so prescribed the trial court has discretion, and we do not think that the exercise of such discretion is reviewable in this court. If the punishment prescribed is out of proportion to the crime of which the party has been convicted, its correction lies with another tribunal provided by law. Not finding reversible error in the record, the judgment of the district court is affirmed.

Quarles and Sullivan, JJ., concur.