### STATE, Respondent, v. OLE PETERSON, Appellant.

[248 Pac. 12.]

CRIMINAL LAW—MOTION TO CHANGE PLEA OF GUILTY—GROUNDS OF MOTION—SHOWING REQUIRED—DISCRETION OF COURT.

1. Affidavit on motion to change plea of guilty, stating mere conclusion that defendant had good defense, is insufficient to show that court abused its discretion in refusing motion.

2. Consideration by court at time of sentence on plea of guilty that change in prohibition law, approved Feb. 24, 1925 (Laws 1925, chap. 61), rendered doubtful whether sentence could be imposed for offense charged, *held* to have had no effect on defendant's understanding of nature of act in pleading guilty to being persistent violator.

3. Plea of guilty may be withdrawn and plea of not guilty substituted, where application is based on fact that plea was not freely and voluntarily made with understanding of nature of act.

4. Showing *held* insufficient to show that court abused its discretion in not allowing defendant to change plea of guilty of being persistent violator of state prohibition act (Comp. Stats. 1919, sec. 2604 et seq. as amended).

Publisher's Note.

3. See 8 R. C. L. 111.

See Criminal Law, 16 C. J., sec. 730, p. 398, n. 8, 11; sec. 3168, p. 1346, n. 54.

APPEAL from the District Court of the Eighth Judicial District, for Bonner County. Hon. Chas. L. Heitman, Judge.

Plea of guilty as persistent violator of state Prohibition Act. *Affirmed.*

Myrvin Davis, for Appellant.

"A person indicted has a right to withdraw his plea of guilty and to plead not guilty at any time before judgment." (*State v. Oehlslager,* 38 Iowa, 297; *State v. Hortman,* 122 Iowa, 104, 97 N. W. 981.)

The sound discretion of the court is to be liberally exercised in favor of life and liberty. (*State v. Cimini,* 53 Wash. 268, 101 Pac. 891.)

Denial of motion to withdraw is abuse of discretion. (*State v. Nicholas,* 46 Mont, 470, 128 Pac. 543; *People v. McCrory,* 41 Cal. 458.)

Defendant should be permitted to withdraw plea of guilty. (*Pope v. State,* 56 Fla. 81, 16 Ann. Cas. 972, 47 So. 487; *Alexander v. State* (Tex. Cr.), 152 S. W. 436; *Krolage v. People,* 224 Ill. 456, 8 Ann. Cas. 235, 79 N. E. 570; *City of Salina v. Cooper,* 45 Kan. 12, 25 Pac. 233.)

A. H. Conner, Attorney General, and John W. Cramer, Assistant, for Respondent.

A refusal of permission to withdraw a plea of guilty and substitute therefor a plea of not guilty can be reviewed only as to the question of whether the trial court abused its judicial discretion. (*State v. Raponi,* 32 Ida. 368, 182 Pac. 855.)

Where on an appeal from an order denying a defendant permission to withdraw his plea of not guilty the record does not affirmatively show an abuse of discretion, the order of the trial court will be affirmed. (*State v. Raponi, supra; State v. Arnold,* 39 Ida. 589, 229 Pac. 748.)

GIVENS, J.—Appellant plead guilty to a charge of being a persistent violator of the state Prohibition Act. This appeal is from the judgment because defendant was not allowed to substitute a plea of not guilty.

Appellant in his affidavit in support of the motion to change the plea stated that he is hard of hearing and "that at the time of his plea of guilty it was his understanding from what was said that he would be granted a parole after sentence for a considerable time for him to attend to certain affairs," which were the plowing, seeding, etc., of his ranch and being with his daughter during a minor operation which was to take place at a set date in the future. Appellant further states "that he makes no charge of misrepresentation to him on the part of any one connected with the case." It is uncontradicted that no such promises were made, nor does appellant charge that they were, but contends that as he is slightly hard of hearing he so understood. Appellant had twice before been convicted of a similar offense, once represented by counsel and the second time entered a plea of guilty without counsel, thus he undoubtedly knew the nature of his act in making his plea. There is some showing in the record that the motion for permission to change his plea was not made in good faith but with the intention of delaying the imposition of sentence. There is no doubt but that the plea was voluntarily made, while as to appellant's understanding regarding the parole there might be some question. It appears that judgment was not to take effect for 30 days, allowing some time for appellant to take care of his farm work and for his daughter to get through with her operation. Appellant also stated in his affidavit as follows:

"He also has been advised by his counsel since entering such plea, and which counsel he employed after entering such plea, that he has a good defense to the above charge. That he secured counsel upon the advice of friends and also because after making such plea he became uneasy as to whether or not he had proceeded properly in the matter."

[1] The only thing of substance in this paragraph is that he has a good defense, which is a mere conclusion, and since it does not set forth the facts as a basis of the defense it is entirely insufficient to show that the court abused its discretion in refusing to allow him to change his plea.

[2] The court at the time of sentence considered that "the change in the prohibition law as enacted by the legislature of the State of Idaho, chapter 61, pages 89 and 90, approved February 24, 1925, renders it doubtful whether or not any sentence could be imposed upon this defendant for the offense charged in the information after said statute so approved February 24, 1925, goes into effect," which view whether correct or incorrect has no effect upon the understanding of the defendant as to the nature of his act in pleading guilty to being a persistent violator.

[3] The plea of guilty may be withdrawn and a plea of not guilty substituted where the application is based upon the fact that "the plea of guilty was not made freely and voluntarily nor with understanding of the nature of the act of defendant in making the plea." (*State v. Arnold,* 39 Ida. 589, 229 Pac. 748.)

[4] The showing made by appellant herein is entirely insufficient to show that the court should have allowed the withdrawal of the plea of guilty, hence there was no abuse of discretion in not so doing. (*State v. Raponi,* 32 Ida. 368, 182 Pac. 855.)

Judgment affirmed.

William A. Lee, C. J., and Wm. E. Lee, Budge, and Taylor, JJ., concur.