## Ex parte EDGAR WHITEAKER.

No. A-11150.   Jan. 19, 1949.

(202 P. 2d 427.)

Edgar Whiteaker, pro se.

Mac Q. Williamson, Atty. Gen., for respondent.

BAREFOOT, J.   Petitioner, Edgar Whiteaker, an

inmate of the State Penitentiary at McAlester, has filed a petition for habeas corpus, seeking his release.

It seems that on September 21, 1934, in the district court of Garvin county, the petitioner, on his pleas of guilty in two different cases, was sentenced to serve 25 years in each case. In one case he was charged with robbery with firearms, and in the other with robbery with a dangerous weapon, both judgments providing: "It is ordered, adjudged and decreed that this is a non-concurrent sentence."

While the petition filed in this court, and the attached exhibits, are insufficient for this court to grant relief, yet they are persuasive for a further investigation by the Pardon and Parole Board, if they deem advisable. The records in the office of the Pardon and Parole Board reveal that the Board has heretofore made a full and complete investigation of this case, and presumably did not consider the application favorably. The record of this applicant is not without blemish. As hereinafter shown, the sentences he is now serving were the result of a jail break, and it appears that he was granted one 30 day leave from the penitentiary, and did not return. However, there are many facts surrounding his confinement at this time that are in his favor, although not sufficient as a matter of law for this court to grant relief by habeas corpus.

The record reveals that this petitioner had been picked up on suspicion of robbery in Garvin county, and had been held in the county jail for 26 days without any charge having been filed against him. (No charge was ever filed against him in that matter.) He was 20 years of age, and had served one previous term of one year in the penitentiary for rape in the second degree. Confined

in the county jail at the time were two men, Pete Trammel and Clifton Brady, 22 and 32 years of age, respectively; one having served a previous term of five years in the penitentiary, and the other 25 years.

These men took the keys from the Garvin county jailer, who was a brother of the county sheriff, and escaped, and this defendant stole an automobile. Two cases were filed against this petitioner as a result of this jail break. In case No. 1827 he was charged jointly with Pete Trammel and Clifton Brady with "robbery with a dangerous weapon." The information in that case reads:

"Edgar Whiteaker * * * did then and there unlawfully and willfully, feloniously, wrongfully, and with force and violence by the use of certain dangerous weapons, to-wit: Certain shoes with leather heels, sticks, clubs, iron pipes or bars or blunt instrument the exact kind and character unknown, then and there held in the hands of them, the said Edgar Whiteaker, Pete Trammel and Clifton Brady, and thereby and therewith assault, strike, hit, beat, bruise, cut, wound and otherwise ill-treat him, the said John Barnhill, with said instruments, and by placing him in fear of immediate personal and unlawful injury, take, seize, and carry away from the possession of John Barnhill, the owner thereof, in whose presence and custody said property was at said time, certain moneys and property, to-wit: About eighty ($.80) cents of good and lawful money of the United States of America, and about seven jail keys belonging to Garvin County, Okla. value about $25.00 in good and lawful money of the U. S. A. the said money and property being then and there taken as aforesaid against the will and without the consent of him, the said John Barnhill, and with the unlawful, wilful, wrongful and felonious intent then and there on the part of them, the said Edgar Whiteaker, Pete Trammel and Clifton Brady, to rob and permanently deprive the said John Barnhill, the owner and possessor thereof, and to convert said property to their own

use and benefit, and against the peace and dignity of the state."

It will be noted that the personal property alleged to have been taken was 80 cents from the pocket of the jailer, and certain keys to the jail, the property of Garvin county, and of the value of about $25. Petitioner attaches to his petition an affidavit in which he states that at the time of the jail break he did not take any money from the pocket of the jailer, nor did he receive any part thereof, and did not know any money was taken. He admits in this affidavit that he took the keys from under the pillow of the jailer.

In this case, No. 1827 in Garvin county, Pete Trammel and Clifton Brady each received a sentence of ten years, and the petitioner, as above stated, on his plea of guilty, was given 25 years. Pete Trammel and Clifton Brady were charged jointly in case No. 1828 with assault with a dangerous weapon, and given five years each. Later the district judge made an order, directing that the 10 year sentence, and the 5 year sentence run concurrently.

On the day he was sentenced in case No. 1827, the petitioner herein entered a plea of guilty in case No. 1834, in which he was charged with "robbery with firearms", which case involved the theft of the automobile taken at the time of the jail break, and received a sentence of 25 years, as hereinbefore stated.

At the time petitioner entered the penitentiary on the two sentences of 25 years each, a clerk at the penitentiary made a notation on petitioner's file: "Ordered to run these cases as one of 50 years by Warden Hunt. T. M. Field." Mr. Field was the record clerk at the penitentiary. The record discloses that petitioner has al-

ready served more than sufficient time prescribed by the rules of the penitentiary to satisfy one 25 year sentence.

Accompanying the petition is an affidavit by the Honorable W. O. Long, the district judge who sentenced petitioner, and a letter from the Honorable Clarence Bowie, who was the county attorney of Garvin county at the time petitioner was charged and sentenced. This affidavit and the letter are as follows:

"State of Oklahoma, ⎱ss.
Pontoto County.　⎰　　　　　　　　　Affidavit.

"I, W. G. Long, the undersigned deponent, a resident of Pontotoc County, State of Oklahoma, make oath and say as follows:

"That I herewith subscribe to the following statements, devoid of coercion and without promise of material consideration or of any other gain whatsoever: and that it is my desire and express purpose to divulge certain pertinent facts and mitigating circumstances bearing directly upon case No. 1827, in the District Court in and for Garvin County, Oklahoma, titled, The State of Oklahoma, plaintiff, vs. Edgar F. Whiteaker, defendant.

"The aforesaid Edgar F. Whiteaker is at present an inmate of the Oklahoma State Penitentiary at McAlester, Pittsburg County, Oklahoma. Further, the said Edgar F. Whiteaker is serving a term of twenty-five years (25) for the crime of robbery with a dangerous instrument.

"That I was the trial Judge at the time of the aforesaid action and passed sentence upon the said Edgar F. Whiteaker.

"That the aforesaid Edgar F. Whiteaker, accompanied by one Pete Trammel and one Clifton Brady, did perpetrate the aforementioned act of Robbery with a Dangerous Instrument.

"However, at the time of the trial of the aforesaid Edgar F. Whiteaker, I was not aware of certain facts in the case, to-wit:

"That the said Edgar. F. Whiteaker was younger and less experienced in crime than the aforementioned Pete Trammel and Clifton Brady.

"That at the time of conviction, the said Peter Trammel was 22 years of age and had served one previous term of five (5) years for the crime of car theft in the Oklahoma State Reformatory at Granite, Greer County, Oklahoma. That upon entering a plea of guilty the said Pete Trammel received a term of ten (10) years in Garvin County case No. 1827; Robbery with a Dangerous Instrument.

"That at the time of conviction, the aforesaid Clifton Brady was thirty-two (32) years of age and had served one previous term of twenty-five (25) years for the crime of attempted rape in the Mississippi State Penitentiary at Parchman, Miss., as Prisoner No. 4212. That upon entering a plea of guilty, the aforesaid Clifton Brady received a term of ten (10) years in the State Penitentiary in the Garvin County case No. 1827, Robbery with a Dangerous Instrument.

"That at the time of conviction the aforementioned Edgar F. Whiteaker was twenty (20) years of age and had served one previous term in the Oklahoma State Penitentiary for the crime of second degree rape, one year. That upon entering a plea of guilty, the said Edgar F. Whiteaker received a term of tyenty-five years (25) in the Oklahoma State Penitentiary in Garvin County case No. 1827; Robbery with a Dangerous Instrument.

"In view of the aforementioned facts that have been brought out at this time, I believe that the sentence may well be reduced, if the proper authorities see fit, and most certainly with my approval and upon my recommendation.

"In lieu [view] of the foregoing facts, I hereby recommend that the said Edgar F. Whiteaker be accorded

264

such clemency as the State's Officials may deem fitting and proper to extend

"(Signed)   W. G. Long
(Former District Judge.)

"Deponent."
"Pauls Valley, Okla.,
September 16, 1948.

"Mr. Edgar F. Whiteaker, No. 30324 * *

"Dear Sir:

"This is to acknowledge receipt of your letter dated September 14, 1948. You are informed that I have no hesitancy about recommending clemency for you but I am unable to sign the within affidavit for the reason that I have not checked the records and these matters, and therefore I do not have personal knowledge of these facts. These matters about which you request me to make an affidavit can be proven to the Pardon and Parole Board, if the same are true and I presume they are, by records, and the records would be the best evidence."

"Yours truly,

"C. H. Bowie."

We have given a full and complete statement of the facts in so far as they are revealed by the records before us. We cannot hold that under these facts and the applied law that relief can be given this petitioner by this court by the granting of a writ of habeas corpus, but there are many facts which in our opinion would warrant the Pardon and Parole Board of this state in making a further investigation, if they deem it advisable, as to whether mercy should be granted this petitioner, in view of the facts as above presented. It is true that petitioner had been convicted and served a previous term in the penitentiary, but it is also true that the codefend-

ants who were charged with him had also served previous terms and were each given sentences of ten years. Under all the circumstances, it is our opinion that this petitioner is entitled to a further hearing before the Pardon and Parole Board, if they deem advisable, to the end that justice and mercy may be meted out to this petitioner, as the facts justify. This in view of the affidavit of the trial judge and the letter of the county attorney in which they recommend a parole for petitioner; and the many letters in the files of the Pardon and Parole Board which are highly in favor of petitioner receiving favorable consideration.

The petition for habeas corpus is denied for the reason that there has been no showing that the judgment and sentence rendered in this case is void.

JONES, P. J., and BRETT, J., concur.