[Crim. No. 5701.   Second Dist., Div. Three.   July 27, 1956.]

THE PEOPLE, Respondent, v. EDWARD RIVERA RODRIGUEZ, Appellant.

Edward Rivera Rodriguez, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, for Respondent.

SHINN, P. J.—This is an appeal from an order denying a petition for writ of error *coram nobis*. Appellant has waived the right to file a brief and has submitted his appeal upon the record.

An information was filed against petitioner, charging him with the commission of robbery (while armed with a deadly weapon), and alleging three prior felony convictions, to wit, grand theft from the person and a violation of section 503 of the Vehicle Code, a further violation of Vehicle Code section 503, and robbery. It was alleged that petitioner had served a term in a state prison for each of said offenses.

Petitioner pleaded guilty to robbery, and admitted the former convictions and terms of imprisonment. His counsel stipulated that he was armed at the time he committed the robbery, and the court found in accordance with the stipulation and admissions, specifically finding, on the basis of the two prior convictions for robbery and grand theft from the person, that petitioner was an habitual criminal. (Pen. Code, § 644a.) Judgment was rendered February 11, 1953.

May 7, 1956, the instant petition was filed, setting forth various grounds for issuance of the writ. These are: Petitioner was denied the effective aid of counsel; the court violated its duty by failing to weigh all the surrounding circumstances in determining that petitioner's plea of guilty was intelligently made; and that the court erred in adjudging petitioner to be an habitual criminal. In denying the writ, the court below held that the petition was not timely filed and that petitioner's contentions were not available to him on *coram nobis*. We agree.

With respect to the assistance of counsel, Rodriguez avers that he was reluctant to enter a plea of guilty as he knew that he would thereby face a life sentence under the Habitual Criminal Act, but that his lawyer assured him ''that he had had a conference with the District Attorney concerning petitioner's pending plight and that everything was alright.'' It appears inferentially that Rodriguez relied on his attorney's representations in entering his plea. ■ But *coram nobis* will not issue to vacate a plea of guilty on the sole ground that the plea was induced by a misleading statement by defense counsel (*People* v. *Kirk,* 98 Cal.App.2d 687 [220 P.2d 976] ; *People* v. *Elmer,* 112 Cal.App.2d 415 [246 P.2d 60] ; *People* v. *Gilbert,* 25 Cal.2d 422 [154 P.2d 657]) ; and where the statement by counsel represents a commitment made by some responsible state official, *coram nobis* is not available unless there is a showing that the representation was apparently corroborated by the acts or statements of the official. (*People* v. *Gilbert, supra;* *People* v. *Odlum,* 91 Cal. App.2d 761 [205 P.2d 1106] ; *In re Dye,* 73 Cal.App.2d 352 [166 P.2d 388].) No such showing was made here. And in any event, assuming such representations to have been made, their falsity must have become apparent to Rodriguez immediately upon his conviction. It was his duty to pursue his rights diligently. ■ There is no explanation of petitioner's three-year delay in filing the instant petition other than a general allegation of petitioner's ignorance of the law. There is no showing of an abuse of discretion in holding that the petition was not timely filed. (*People* v. *Marvich,* 121 Cal.App.2d 548 [263 P.2d 460] ; *People* v. *Mitchell,* 129 Cal.App.2d 711 [277 P.2d 861] ; *People* v. *Ryan,* 121 Cal. App.2d 651 [263 P.2d 850].)

■ With respect to the adjudication that appellant is an habitual criminal, the writ of error *coram nobis* is unavailable to him. No showing has been made of the discovery of any fact relating to the prior convictions that was unknown to appellant at the time of trial, nor of the existence of any fact at variance with his admissions of the former convictions and sentences.

The order is affirmed.

Wood (Parker), J., and Vallée, J., concurred.