[Crim. No. 6005.   Second Dist., Div. Two.   July 16, 1958.]

THE PEOPLE, Respondent, v. EDWARD HAWTHORNE STILLWELL, Appellant.

Edward Hawthorne Stillwell, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

HERNDON, J.—This is a patently unmeritorious appeal from an order denying petition for the writ of error *coram nobis*. Petitioner was sentenced to state prison on May 10, 1956. In November of the same year he filed a petition for writ of error *coram nobis*, which was denied. The instant petition, which was filed on May 10, 1957, is the second application for the same writ.

The gist of the allegations contained in the present petition is that defendant was induced to enter a plea of guilty to a felony charge by (a) the statement of his attorney to the effect that the district attorney had given a promise of probation in consideration of the plea, and (b) the unqualified assurance of his attorney that a plea of guilty would lead to his being granted probation.

Defendant does not allege that any representation or commitment was made directly to him by any responsible official, but indicates that he acted solely upon the advice and statements of his own counsel. The petition incorporates exchanges of communications between defendant and his counsel in which the latter brands as ''a deliberate falsehood'' defendant's assertion that counsel had told him the district attorney had ''agreed'' to probation in exchange for a plea. The attorney characterized defendant's other allegations as ''fabrications, misstatements, and misquotations of what was said to you and done in connection with your case.''

■ ''[C]oram nobis will not issue to vacate a plea of guilty on the sole ground that the plea was induced by a misleading statement by defense counsel.'' (*People* v. *Rodriguez*, 143 Cal.App.2d 506, 508 [299 P.2d 1057]; *People* v. *Kirk*, 98 Cal.App.2d 687, 693 [220 P.2d 976].) ■ Where the statement by counsel represents that a commitment was made by some responsible state official, *coram nobis* is not available in the absence of a showing that the representation was apparently corroborated by the acts or statements of the official. (*People* v. *Gilbert*, 25 Cal.2d 422, 443 [154 P.2d 657]; *People* v. *Rodriguez, supra*.) ■ A defendant's claim that his counsel did not competently represent him cannot be considered in a *coram nobis* proceeding. (*People* v. *Flores*, 147 Cal.App.2d 243, 247 [305 P.2d 90].) ■ To prevail in such proceeding the petitioner must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of filing his petition. (*People* v. *Ayala*, 138 Cal.App.2d 243, 246 [291 P.2d 517].)

The record here contains no showing, nor even a suggestion, that the alleged statements of defense counsel were apparently corroborated by the act or statement of any public official. There is nothing in the record to substantiate any charge of neglect or wrongdoing on the part of defense

counsel. The unexplained tardiness of the petition in itself was a sufficient justification for its denial.

The order is affirmed.

Fox, P. J., and Ashburn, J., concurred.

A petition for a rehearing was denied August 6, 1958.