George E. FLOYD, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17236.

United States Court of Appeals Fifth Circuit.

Nov. 5, 1958.

George E. Floyd, in pro. per., John N. McKay, Arthur J. O'Keefe, New Or-leans, La., Arthur J. O'Keefe, Jr., New Orleans, La., for appellant.

William C. Calhoun, U. S. Atty., Augusta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and JONES, Circuit Judges.

TUTTLE, Circuit Judge.

This is an appeal from an order of the trial court denying appellant's motion to vacate and set aside a judgment of sentence to two five-year consecutive terms for violation of the Federal White Slavery Act, 18 U.S.C.A. § 2421. The trial court dismissed the petition without a hearing.[1]

The provisions of 28 U.S.C.A. § 2255, providing for the application for relief after sentence and conviction by way of collateral attack, are: "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States Attorney, grant a prompt hearing thereon, determine the issues and make findings of facts and conclusions of law with respect thereto."

The basis of appellant's attack upon his sentence[2] is that the trial court failed to comply with the requirements of Rule 11, F.R.Crim.P., 18 U.S.C.A., which provides that "the court * * *

---

1. The Court's order denying relief follows:

"Consideration being given to all of the contents of the defendant's motion and it appears in the motion, the official court files and records in this case that when the plea of guilty was entered by this defendant, through his counsel, the same was done in open court, in the presence of the Court and in the presence of the defendant; the defendant and his counsel being present during the entire arraignment and imposition of sentence in open court, therefore,

"It is ordered, adjudged and decreed that the defendant's motion, the official court files and records in this case, conclusively show that the defendant George Edward Floyd is not entitled to the relief prayed for in his motion; accordingly, his motion is hereby denied, and, * *."

2. This is set out in appellant's brief as follows:

"Petitioner was induced to plead guilty by agents of the F.B.I., and the U. S. Attorney and that if petitioner would plead guilty to the indictment charging the transportation of a woman in interstate commerce for the purpose of prostitution and debauchery, the Government would drop the charge of kidnapping, and that the maximum sentence petitioner would get would be five years; that counsel for petitioner was told and he told petitioner that if your petitioner did not plead guilty to the charge of transporting a woman in interstate commerce for the purpose of prostitution and debauchery, that the Government would give petitioner not less than a twenty (20) or thirty (30) year sentence on the charge of kidnapping."

shall not accept the plea [of guilty] without first determining that the plea is made voluntarily." The records on file in the district court disclosed that on the 6th day of December, 1955, appellant appeared in open court represented by counsel, waived arraignment and pleaded guilty, not only to the indictment on which he received the two five-year consecutive sentences on counts one and two, but also to another indictment, being an indictment for kidnapping the female victim "for the purpose of administering a beating to the aforesaid adult female." In addition to the sentence of ten years on two of the five counts of the White Slavery indictment, Floyd was sentenced to a term of five years on the kidnapping indictment; this last sentence, however, was to run concurrently with the five-year sentence on count one of the other indictment.

■ We have repeatedly stated that determination by the trial court that the plea was made voluntarily need not comply with any set formula. We have also held that "ordinarily, unless a convicted prisoner on habeas corpus or Section 2255 petition alleges and proves misconduct of his counsel amounting to a breach of his legal duty faithfully to represent his client's interest, the defendant in a criminal case is bound by the acts of his counsel." Kennedy v. United States, 5 Cir., 259 F.2d 883. Cf. Gray v. Ellis, 5 Cir., 257 F.2d 159.

■ Where, as here, a petitioner for vacation of sentence alleges that he is represented by counsel and who does not even contend that counsel was incompetent or in any way coerced, and the record discloses that counsel entered pleas of guilty on his behalf and in his presence in open court, petitioner fails to make a prima facie case for relief, since even though the facts asserted were proved by him at a hearing, the court could not find that "the sentence had been imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence * * * or otherwise subject to collateral attack." The statement "that counsel for petitioner was told and he told petitioner that if your petitioner did not plead guilty to the charge of transporting a woman in interstate commerce for the purpose of prostitution and debauchery, that the Government would give petitioner not less than a twenty or thirty years sentence on the charge of kidnapping," does not make a prima facie case for relief since it is not alleged that such statement deprived appellant's plea of guilty of its voluntary character. This case is quite different on its facts from those in Shelton v. United States, 356 U.S. 26, 78 S.Ct. 563, 2 L.Ed.2d 579. It has nowhere been held that if counsel advises his client in good faith that a plea of guilty will result in a recommendation of a lighter sentence in one of several indictments, this strips a plea of its voluntary nature.

■ While the courts do not normally test the competence of counsel on Section 2255 hearings, even this question is not raised by appellant here. He simply says that the court should have granted him a hearing to enable him to prove that counsel was told and he told petitioner that he would get preferential treatment if he pleaded guilty. Since any such suggestion to appellant must be viewed in light of the fact that he had the effective aid of counsel in determining what course of action he should pursue, we hold that, as found by the trial court, the files and records of the case conclusively show that the prisoner is entitled to no relief.

The judgment is affirmed.