■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RALPH DARLING, Appellant.— Appeal from an order of County Court, Broome County which denied a writ of error *coram nobis*. On this appeal from the denial of a writ of error *coram nobis* by the Broome County Court without a hearing, defendant raises essentially two questions, aside from his complaints in respect of the preliminary proceedings before indictment. One is that his court-assigned counsel did not follow his requests and directions in preparation and trial, which led to his conviction; the other that the District Attorney "held certain evidence" which "would have been contradictory" to testimony offered by the prosecution; and that "fraud and perjury was used to secure" his conviction. These generalities do not warrant a trial on this writ and are factually insufficient to require re-examination of the case which has heretofore been fully considered by this court. We see no need demonstrated on these papers for further inquiry into the proceedings at and incidental to the trial. (See *People* v. *Darling*, 8 A D 2d 641.) Order unanimously affirmed.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH E. WASHINGTON, Appellant, v. W. CECIL JOHNSTON, as Director of Dannemora State Hospital, Respondent.— Appeal from an order of the Supreme Court which dismissed a writ of habeas corpus. Relator contends that he was illegally transferred from Clinton Prison to Dannemora State Hospital, and that he was inadequately represented by assigned counsel during his trial. The transfer to Dannemora State Hospital is authorized by section 383 of the Correction Law. Once a valid commitment has been made the place of detention is an administrative matter not reviewable by habeas corpus. (*People ex rel. Sacconanno* v. *Shaw*, 4 A D 2d 817.) Likewise, relator's contention that he was not adequately represented by assigned counsel at his trial is not subject to review by habeas corpus. Order unanimously affirmed, without costs.

■ In the Matter of the Claim of DANIEL F. McCARTY, Respondent, v. DAHLSTROM METALLIC DOOR CO., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Claimant was injured playing baseball in a team sponsored by his employer, the Dahlstrom Metallic Door Co. The team was a member of the Industrial League of Jamestown. An award has been made and the issue is whether the case falls within *Matter of Wilson* v. *General Motors Corp.* (298 N. Y. 468) and must be reversed; or within *Matter of Tedesco* v. *General Elec. Co.* (305 N. Y. 544) and be affirmed. We are of opinion the substantial criteria of employer-sponsored athletic activity laid down in the latter decision is in this record. The team was composed entirely of employees of the employer; the expenses of the team, consisting of the cost of uniforms, equipment and entry fee, were paid by the employer, which required that all equipment be returned to it. The name of the employer was lettered on each uniform, and jackets had similar lettering. The name of the employer was used by the team, which appeared in press announcements and in other announcements; and in a year (1958) in which there had been a strike in the plant, no team was organized. A sufficient control by the employer; and of benefit to the employer from the team, are thus demonstrated. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board.