**Earl Riddell ELLIS, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 18549.

United States Court of Appeals
Ninth Circuit.

Aug. 24, 1963.

Black & Black, John R. Black and Richard R. Black, Pocatello, Idaho, for appellant.

Sylvan A. Jeppesen, U. S. Atty., and Robert E. Bakes, Asst. U. S. Atty., Boise, Idaho, for appellee.

Before BARNES, HAMLIN and JERTBERG, Circuit Judges.

BARNES, Circuit Judge.

This is an appeal by one defendant from his conviction on four counts charging violation of Section 2314[1] of Title 18 United States Code, by aiding and abetting the offense proscribed by that section. 18 U.S.C. § 2. A fifth count charged a conspiracy to transport in interstate commerce the securities mentioned in the first four counts. 18 U.S.C. § 371. Defendant was convicted. Codefendants, Mr. and Mrs. Simonson, plead guilty to two counts and one count, respectively.

The false securities involved were forged money orders. They were cashed by codefendants LeRoy Simonson and Nettie Ellen Simonson. The defendant Ellis, a used car dealer, was charged with receiving part of the proceeds of the Simonson check-cashing expedition, instigating and encouraging the codefendants to do it, and furnishing an automobile to aid them in extending geographically the sites of their operations.

Four errors are urged by appellant. None has merit. We consider each in turn.

I

■ *The indictment should have been dismissed because the aiding and abetting counts "did not allege the means or method used by Ellis to aid and abet the Simonsons."*

Such allegations are not necessary. Coffin v. United States, 1894, 156 U.S. 432, 15 S.Ct. 394, 39 L.Ed. 481; Daniels v. United States, 9 Cir. 1927, 17 F.2d 339.

II

■ *The trial court failed to rule on appellant's demand for a bill of particulars until just before the trial started.*

This is a matter of the trial court's discretion. The demand was filed February 14, 1962. The court denied it on October 10, 1962, when asked for a ruling on it. At no time between these dates did appellant's counsel[2] request a ruling on his demand. He was content to have the trial date approach without concern as to the lack of any ruling.

> "The motion for a bill of particulars is addressed to the sound discretion of the trial court and the trial court's ruling thereon should not be disturbed in the absence of an abuse of that discretion." Cooper v. United States, 9 Cir. 1960, 282 F.2d 527, 532.

Nye & Nissen v. United States, 9 Cir. 1948, 168 F.2d 846. No need for any bill of particulars existed, if we overrule appellant's first alleged error, as we have done. Cf. Coffin v. United States, supra.

Further, no evidence of surprise to appellant is shown. Appellant's counsel knew what all defendants knew, for he represented all defendants. No unexpected witness appeared against Ellis. No prejudice was specifically claimed or pointed out. No motion for continuance was made at the end of the government's case. A discretion once exercised will not be disturbed on appeal when no prejudice appears. Sartain v. United States, 9 Cir. 1962, 303 F.2d 859.

---

1. Title 18 United States Code, § 2314, reads in pertinent part:
   "* * * Whoever, with unlawful or fraudulent intent, transports in interstate or foreign commerce any falsely made, forged, altered, or counterfeited securities, knowing the same to have been falsely made, forged, altered, or counterfeited; or

"* * * Shall be fined not more than $10,000 or imprisoned not more than ten years, or both."

2. Defendant Ellis' counsel represented all defendants throughout the case's history.

For a more precise definition of the trial court's "discretion," see our recent majority ruling in Peek v. United States, 321 F.2d 934.

### III

Errors alleged relating to admission of evidence, namely, (a) the refusal before trial to return to appellant his books and records, thus preventing his adequate preparation for trial; (b) permitting the introduction of Exhibit 2 (the Keller discharge); (c) the failure to require corroboration of the accomplice's story.

■ (a) The first point is disposed of by what is found in the Supplemental Reporter's Transcript, authorized by us to be filed by the government at the date of oral argument. It discloses without question, that appellant asked to have his seized records returned to him because "needed in the operation of the business." Nowhere in such motion did appellant represent, or even intimate, that any of such documents and records so sought were necessary, or even desired as convenient, to aid in the preparation of appellant's defense. Only on the day the trial started did appellant urge he needed them, and the court advised appellant (in denying the motion to return such documents) that appellant could refer to them, and use them at any time during the trial. So far as this record discloses, the defendant Ellis had full access to his books at any time he asked for them. He urged no prejudice from the court's ruling on his motion for a new trial. We find no error in this ruling.

■ (b) Exhibit 2, the photographic copy of the "Keller" discharge, was introduced in evidence as "the best evidence," in view of testimony that the original had been destroyed. Simonson, who had destroyed the original, recognized Exhibit 2 "as a copy." (R. pp. 30–31.)

There was sufficient foundation to permit its introduction in evidence. The fact of lack of certification is not controlling. The sufficiency of the foundation is a matter resting largely within the discretion of the trial court. Probst v. Presbyterian Church, 1889, 129 U.S. 182, 9 S.Ct. 263, 32 L.Ed. 642, Western, Inc. v. United States, 8 Cir. 1956, 234 F. 2d 211.

■ (c) Appellant's alleged third evidentiary error is a plea which has become familiar to this court; that the federal courts should require corroboration of an accomplice's testimony, as many states do. The existing rule we have refused to change on many occasions; some quite recently. We again refuse. Bible v. United States, 9 Cir. 1963, 314 F.2d 106; Williams v. United States, 9 Cir. 1962, 308 F.2d 664.

### IV

Appellant's final assignment of error is that the sentence imposed by the trial judge is excessive in view of the sentences imposed on the two Simonsons.

■■ This contention is not sound. Where the sentence imposed is within the limits fixed by law, the length of sentence is within the discretion of the trial court; and will not be disturbed on appeal. Berg v. United States, 9 Cir. 1949, 176 F.2d 122, cert. denied 338 U.S. 876, 70 S.Ct. 137, 94 L.Ed. 537.

No proof of the existence of a "policy" on the part of the trial judge to more severely punish defendants who demanded a trial, rather than pleading guilty, is discovered here. United States v. Wiley, 7 Cir. 1959, 267 F.2d 453, relied upon by appellant, is therefore not in point.

That an inducer to crime is sometime sentenced more severely than the passive performer of the crime is a fact known to all judges, and favored by some. This is particularly true when the former is more knowledgeable, better educated, etc., etc. We need not pass on the wisdom of such thinking. Neither can we condemn it. And we clearly cannot hold error existed here.

Affirmed.