**George F. MARTIN, Appellant,**

**v.**

**UNITED STATES of America,**
**Appellee (two cases).**

**Nos. 8764, 8765.**

United States Court of Appeals
Tenth Circuit.

Aug. 12, 1966.

William Edward, Brayshaw, Denver, Colo., for appellant.

John W. Raley, Jr., Asst. U. S. Atty. (B. Andrew Potter, U. S. Atty., on the brief), for appellee.

Before PHILLIPS, PICKETT and SETH, Circuit Judges.

---

PHILLIPS, Circuit Judge.

These are appeals from an order denying a motion to vacate a sentence and an order denying an application for a writ of habeas corpus.

A two-count indictment was returned against Martin, charging violations of 18 U.S.C.A. § 1341. Each count charged that Martin and one Diffie, his codefendant, devised a scheme to defraud persons through the sale of oil and gas leases and mineral deeds, and to obtain money by false and fraudulent pretenses and representations, and that each of the leases and mineral deeds offered for sale and sold in carrying out the object of such scheme was represented by Martin and Diffie to be signed by the true owner thereof, when in fact the purported signature was a forgery and not the signature of the true owner.

The first count further charged that on November 12, 1953, Martin and Diffie, for the purpose of executing the scheme, caused to be placed in an authorized depository for mail matter, a letter to be sent and delivered by the Post Office Establishment of the United States. The second count further alleged that Martin and Diffie, for the purpose of executing the scheme, caused to be placed in an authorized depository for mail matter a letter containing a mineral deed purportedly signed by one Royce C. Johnson and a sight draft drawn on one E. L. Branstetter, payable to Johnson, for the sum of $1250, addressed to the Liberty National Bank, Oklahoma City, Oklahoma, to be sent and delivered by the Post Office Establishment of the United States.

On April 15, 1955, Martin, while he was serving a five-year sentence in the United States Penitentiary at Leavenworth, Kansas, for a violation of the Mann Act,[1] appeared in open court in person and with counsel of his own choice, withdrew pleas of not guilty theretofore entered, and entered pleas of guilty to each count of the indictment. On April 19, 1955, he was sentenced to the custody of the Attorney General for a period of five years on each of the two counts, such sentences to run consecutively for a total term of ten years and to run consecutively, also, with the sentence Martin was then serving. Thereafter, Martin filed a motion pursuant to 28 U.S.C.A. § 2255 to vacate the sentence. The late Judge W. R. Wallace, who imposed the sentences, after an evidentiary hearing on the motion, specifically found that no promises or representations were made to Martin concerning the sentence which the court might impose in the event he entered pleas of guilty, and that with counsel of his own choice present, he knowingly, intelligently and voluntarily entered pleas of guilty, and entered an order denying the motion. That order was affirmed by this court. See Martin v. United States, 10 Cir., 285 F.2d 150, 152.

In his motion to vacate the sentence, Martin alleges that the only part he played in the commission of the offenses charged was the mailing of the letters; that he received a sentence of ten years and Diffie was placed on probation for a period of two years, and that there was such a disparity in the sentences imposed on him and Diffie that there was an abuse of discretion by the sentencing court and the sentence should be vacated.

The grounds set up by Martin in his application for the writ of habeas corpus, which he here asserts entitle him to a reversal of the order denying the application, are: (1) the indictment was insufficient; (2) the sentence was ambiguous; (3) he was induced to enter his pleas of guilty by promises and representations of representatives of the United States; (4) the sentencing judge was affected by prejudice; and (5) he was denied the right of allocution, as provided in Rule 32(a) of the Federal Rules of Criminal Procedure.

All of those grounds were considered by this court in Martin v. United States, 10 Cir., 285 F.2d 150 and Martin v.

---

1. In his motion, Martin stated that he had theretofore served a sentence of eight years for violation of the Dyer Act.

United States, 10 Cir., 309 F.2d 81 on appeals denying prior motions for vacation or modification of the sentence and determined adversely to the contentions of Martin. On the authority of those cases, we affirm the order denying the application for a writ of habeas corpus.

■ When Martin, without having received any promises or representations concerning the sentence which the court might impose, knowingly, intelligently and voluntarily entered his plea of guilty to each count in the indictment, he thereby admitted that he, together with Diffie, devised the scheme to defraud in the manner alleged in the indictment, and for the purpose of effectuating such scheme caused to be placed in an authorized depository for mail matter the letter and the mineral deed and sight draft alleged in the indictment to be sent and delivered by the Post Office Department. Hence, it does not lie in the mouth of Martin to assert now, as stated for him in the brief of his appointed counsel, that his participation in the offense was very minor and consisted only of the mailing of the mail matter.

■ Concededly, there was a wide disparity in the sentences imposed, but they were within the limits fixed by law and the length of the sentence was within the discretion of the trial court. Apposite here is the language of the Supreme Court in Blockburger v. United States, 284 U.S. 299, 305, 52 S.Ct. 180, 182, 76 L.Ed. 306:

"* * * Under the circumstances, so far as disclosed, it is true that the imposition of the full penalty of fine and imprisonment upon each count seems unduly severe; but there may have been other facts and circumstances before the trial court properly influencing the extent of the punishment. In any event, the matter was one for that court, with whose judgment there is no warrant for interference on our part." [2]

2. See also, Randall v. United States, 10 Cir., 324 F.2d 726; Ellis v. United States, 9 Cir., 321 F.2d 931; United States v. Pruitt, 4 Cir., 341 F.2d 700, 703; Smith

This is not a case like United States v. Wiley, 7 Cir., 278 F.2d 500, where the court imposed a sentence of two years upon a codefendant, who was the "most active participant in the crime" and who had four prior felony convictions and had pleaded guilty, and sentences of one year and a day upon three codefendants, all of whom had criminal records and had pleaded guilty, and imposed a three-year sentence upon a minor codefendant, who was merely an accessory and had no prior criminal record, for the nonpermissible reason that the minor codefendant elected to stand trial, as was his right, rather than enter a plea of guilty.

Affirmed.

v. United States, 10 Cir., 273 F.2d 462, 467, c. d. 363 U.S. 846, 80 S.Ct. 1619, 4 L.Ed.2d 1729.