437 P.2d 620

Charles E. DAVIDSON, In the Matter of the Application of Charles E. Davidson for a Writ of Habeas Corpus, Plaintiff-Appellant,

v.

STATE of Idaho, Defendant-Respondent.

No. 9969.

Supreme Court of Idaho.

Feb. 8, 1968.

Rehearing Denied March 12, 1968.

Raymond D. Givens, Boise, for appellant.

Allan G. Shepard, Atty. Gen., and William D. Collins, Asst. Atty. Gen., Boise, for appellee.

SMITH, Chief Justice.

Appellant appeals from an order denying his petition for a writ of habeas corpus.

Appellant's present counsel was appointed January 6, 1967, by order of this Court. He took no part in the proceedings until after perfection of appeal to this Court. The designation "appointed counsel," hereinafter contained in this opinion, does not refer to the appellant's present counsel.

Appellant, charged with forgery, entered a plea of guilty to the charge, during November, 1965, in the Cassia County, Idaho, district court. The court thereupon sentenced him to an indeterminate term of servitude of one to fourteen years in the state penitentiary. Subsequent to sentencing and while he was in jail, appellant submitted his petition for writ of habeas corpus. Principally, he contends that he pleaded guilty because of his appointed counsel's advice that were he so to plead, he would receive a sentence of not to exceed three year. In view of the maximum sentence imposed, such advice, according to appellant, deprives his guilty plea of the voluntariness necessary to render it valid. Appellant also contends that he received a sentence exceeding that imposed upon his accomplice, a co-defendant having the same number of prior convictions as appellant; and also, it exceeded the sentence imposed upon another person sentenced in the same court on the same day for a similar offense. Appellant thus contends that he was denied equal protection of the law.

The Ada County district court entered its order denying appellant's petition on the grounds, first, that the writ of habeas corpus may not be used as a substitute for appeal; and second, that because the sentence was within the statutory limits of I.C. § 18-3604, it was solely within the discretion of the trial court to determine the length of the sentence, regardless of other sentences meted out to other defendants. Appellant appeals from such order.

■ A plea of guilty must be voluntary, and a plea which is involuntary because of coercion does not accord due process and is invalid; a plea of guilty is involuntary "when made under such inducements as would cause an innocent person to confess guilt." Pennington v. Smith, 35 Wash.2d 267, 212 P.2d 811 (1949); Waley v. Johnston, 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302 (1942); Burge v. State, 90 Idaho 473, 413 P.2d 451 (1966); State v. Poglianich, 43 Idaho 409, 411, 252 Pa. 177, 181 (1927).

■ In the case at bar, the coercion allegedly resulted because of appointed counsel's advice to appellant. A mere prediction by counsel of the court's likely attitude on a sentence, short of some implication of an agreement or understanding, however, is not ground for attacking a guilty plea. Domenica v. United States, 292 F.2d 483 (1st Cir. 1961); Floyd v. United States, 260 F.2d 910, 912 (5th Cir. 1958), cert. den. 359 U.S. 947, 79 S.Ct. 728, 3 L.Ed.2d 680. Similarly, "it has nowhere been held that if counsel advises his client in good faith that a plea of guilty will result in a recommendation of a lighter sentence in one of several indictments, this strips a plea of its voluntary nature." Floyd v. United States, 260 F.2d at 912, supra.

This court, recently had occasion to consider a similar problem in Burge v. State, supra, and stated as follows:

"The third ground relied on by petitioner is that he was subjected by the authorities to duress and coercion causing him to involuntarily, and contrary to his will, plead guilty to the charge upon which plea he was sentenced, committed, and is now imprisoned. In his petition appellant contends he was told that if he did not plead guilty but was subsequently found guilty he would be charged under the habitual criminal act; * * * He also alleges that the attorney representing him at the trial or hearing in the trial court advised him the above-mentioned threats would likely be carried out. The lower tribunal which originally heard and denied petitioner's writ of habeas corpus pointed out that petitioner was represent-

ed by an attorney in the proceeding before the trial court wherein the plea of guilty was entered and held it must be presumed that the attorney advised petitioner of his constitutional rights and did not permit petitioner to waive any objections which could validly have been made at the time of his arrest, plea of guilty, and sentencing. The trial court made no error in so holding.

\* \* \* \* \* \*

"It must be presumed, unless there is an affirmative showing to the contrary in addition to the uncorroborated allegations of the petitioner, that counsel has consulted with his client and has in good faith advised him of his rights. State ex rel. Alm v. Tahash, 261 Minn. 242, 111 N.W.2d 458 (1961); Dexter v. Crouse, 192 Kan. 151, 386 P.2d 263 (1963); Jones v. State, 142 Mont. 619, 386 P.2d 74 (1963)." 90 Idaho 477–478, 413 P.2d 453–454.

If an individual's "will was overborne," Reck v. Pate, 367 U.S. 433, 440, 81 S.Ct. 1541, 1546, 6 L.Ed.2d 948, 953 (1961), or if his confession was not "the product of a rational intellect and a free will," Blackburn v. State of Alabama, 361 U.S. 199, 208, 80 S.Ct. 274, 280, 4 L.Ed.2d 242, 249 (1960), his confession is inadmissible because coerced. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). Advice from counsel, without more, however, is not such overbearing force as to constitute coercion. Application of Carr, 73 Cal.App.2d 697, 167 P.2d 243 (1946); Application of Atchley, 169 F.Supp. 313 (N.D.Cal.1958); Commonwealth ex rel. Richter v. Burke, 175 Pa.Super. 255, 103 A.2d 293 (1954), cert. den. 348 U.S. 850, 75 S.Ct. 77, 99 L.Ed. 670; Commonwealth ex rel. Norman v. Banmiller, 395 Pa. 232, 149 A.2d 881 (1959); People ex rel. Washington v. Johnston, 12 A.D.2d 673, 207 N.Y.S.2d 698 (1960). See also State v. Martinez, 89 Idaho 129, 403 P.2d 597 (1965); State v. Peterson, 42 Idaho 785, 248 P. 12 (1926); State v. Arnold, 39 Idaho 589, 229 P. 748 (1924).

We are constrained to the view that although appellant may have believed, after conferring with his attorney, that he would receive a lighter sentence by pleading guilty, such can be of no avail to him. See Application of Burroughs, 148 Cal.App.2d 800, 307 P.2d 709 (1957); Burge v. State, supra (habeas corpus); People v. Deutsch, 16 Cal.App.2d 121, 60 P.2d 155 (1936); People v. Rodriguez, 143 Cal.App.2d 506, 299 P.2d 1057 (1956); People v. Stillwell, 162 Cal.App.2d 175, 328 P.2d 21 (1958); People v. Elmer, 112 Cal.App.2d 415, 246 P.2d 60 (1952); People v. Ayala, 138 Cal.App.2d 243, 291 P.2d 517 (1955); People v. Parseghian, 152 Cal.App.2d 1, 312 P.2d 81 (1957); People v. Flores, 147 Cal.App.2d 243, 305 P.2d 90 (1956) (coram nobis); United States v. Parrino, 212 F.2d 919 (2d Cir. 1954), cert. den. 348 U.S. 840, 75 S.Ct. 46, 99 L.Ed. 663 (deportation); Smith v. United States, 116 U.S.App.D.C. 404, 324 F.2d 436 (1963), cert. den. 376 U.S. 957, 84 S.Ct. 978; 11 L.Ed.2d 975 (probation); Myres v. United States, 174 F.2d 329 (8th Cir. 1949), cert. den. 338 U.S. 849, 70 S.Ct. 91, 94 L.Ed. 520 (error of counsel).

Appellant urges in support of his second ground for issuance of the writ that the discrepancy between the sentences of the three defendants similarly charged was such as to deprive him of equality of treatment.

I.C. § 19–2601 (Supp.1966), together with I.C. § 18–3604 (1947), permits the district court, in its discretion, either to sentence the defendant to the state penitentiary, commute the sentence confining the defendant in the county jail, suspend the execution of the judgment at the time of judgment and place the defendant on probation, or withhold judgment of such terms and for such time as it may prescribe placing the defendant on probation. We held, in State v. Farnsworth, 51 Idaho 768, 782, 10 P.2d 295, 300 (1932), that it was not error for the district judge to impose two different sentences upon co-defendants where the crime was punishable by either of the two sentences. See State v. Glanzman, 69 Idaho

46, 53, 202 P.2d 407 (1949); State v. Kruger, 7 Idaho 178, 183, 61 P. 463, 464 (1900). The record in this cause does not show an abuse of discretion.

Therefore, in the absence of an abuse of discretion, it was not error to impose the three separate and varying sentences imposed upon appellant and two others similarly charged. See also Ex parte Whiteaker, 88 Okl.Cr. 258, 265, 202 P.2d 427, 430 (1949); Ellis v. United States, 321 F.2d 931, 933 (9th Cir. 1963); Martin v. United States, 364 F.2d 894, 896 (10th Cir. 1966).

Judgment affirmed.

TAYLOR, C. J., and McQUADE and SPEAR, JJ., concur.

McFADDEN, Justice (dissenting):

It is my conclusion that appellant's petition for writ of habeas corpus alleges more than that "he plead guilty because of his appointed counsel's advice that were he so to plead, he would receive a sentence of not to exceed three years," as is stated in the majority opinion. His petition states:

> "I did receive, as my coun*sil*, a Mr. Thomas Church, who did advise me to plead guilty to the charge of forgery. I did plead guilty to this charge on my coun*ciler's* word of honor that I would receive a sent*anced* term not to exceed 3 (three) years * * * I was sentenced to a term not to exceed 14 (fourteen) years."

It is to be kept in mind in evaluating the sufficiency of this petition that the appellant prepared it himself, and further that at the time of the consideration of his petition by the lower court, appellant was unrepresented by counsel. See Austin v. State, 91 Idaho 404, 422 P.2d 71 (1966). In Johnson v. State, 85 Idaho 123, 127, 376 P.2d 704, 706, this court stated:

> "Even though the issuance of a writ of habeas corpus is generally considered discretionary with the court, it should be liberally granted. The following statement from 24 Cal.Jur.2d, p. 543, Habeas

Corpus § 77, is explanatory of the test to be applied:

> " 'As an extraordinary remedy, the writ of habeas corpus is not subject to the rules of technical pleading nor its swift relief hindered by captious objections or fine spun theories of procedure, and a petition therefore will not be scrutinized with technical nicety. And with respect to the numerous applications made in propria persona, a court cannot impose on prisoners unlearned in the law the same high standards of the legal art that might be imposed on members of the legal profession.' "

Had the instant petition contained an allegation that appellant's appointed counsel told him that an arrangement had been worked out with the prosecution or the court that a lesser sentence was to be imposed, which arrangement was not fulfilled, under the following cases an evidentiary hearing would have been required to determine whether the plea of guilty had been voluntarily entered. Machibroda v. United States, 368 U.S. 486, 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); McDonald v. Kropp, 373 F.2d 549 (6th Cir. 1967); Trotter v. United States, 359 F.2d 419 (2d Cir. 1966); Scott v. United States, 349 F.2d 641 (6th Cir. 1965); Ward v. Page, 238 F.Supp. 431 (Okl.1965); Thompson v. State, 412 P.2d 628 (Alaska 1966) and 426 P.2d 995 (1967) (this latter opinion discussing appeal following evidentiary hearing); People v. Gilbert, 25 Cal.2d 422, 154 P.2d 657 (Cal.1944); People v. Sharp, 157 Cal.App.2d 205, 320 P.2d 589 (1958); Roberts v. People, 158 Colo. 76, 404 P.2d 848 (Colo.1965); In re Ellis, 383 P.2d 706 (Okl.Crim.App.1963).

It is recognized that the petition in the instant cause does not set forth any direct allegation of an agreement or arrangement being worked out between appellant's counsel and the prosecuting authorities or the court, but when it is alleged that the appellant's counsel gave his "word of honor that I would receive a sent*anced* term not to exceed 3 (three) years," sufficient doubt is raised as to voluntariness of this plea that

it is incumbent the cause be remanded for proceedings under the Uniform Post Conviction Procedure Act, I.C. 19–4901 et seq. See Higheagle v. State, 91 Idaho 921, 435 P.2d 261 (1967).

Recent opinions recognizing increased liberality of construction of petitions similar to the one before the court are: Anders v. Turner, 379 F.2d 46 (4th Cir.1967); Kienlen v. United States, 379 F.2d 20 (10th Cir. 1967); and Commonwealth v. Stokes, 426 Pa. 265, 232 A.2d 193 (1967).

The case of Burge v. State, 90 Idaho 473, 413 P.2d 451, was decided in 1966, prior to enactment of the Uniform Post Conviction Procedure Act. In that case it is to be noted also that the alleged statements asserted to affect the voluntariness of the plea of guilty admittedly were made by persons without official status or connection with court or with law enforcement agencies.

It is my conclusion that the judgment should be reversed, and the cause remanded to proceed in conformity with the provisions of I.C. § 19–4901 et seq., including appointment of counsel to assist petitioner in preparation of an amended petition and further proceedings in conformity with that statute.