Filed 1/28/15  P. v. Hall CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**COPY**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Plumas)

----

| | |
|---|---|
| THE PEOPLE, | C076466 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF0229578) |
| v. | |
| DAVID SCOTT HALL, | |
| Defendant and Appellant. | |

In 2002, defendant David Scott Hall, having been charged with felony sexual battery (Pen. Code, § 243.4; further statutory references are to the Penal Code unless otherwise stated), entered a negotiated plea of no contest to misdemeanor sexual battery and was placed on one year of summary probation.  In February 2014, defendant filed a petition for writ of error *coram nobis* requesting his plea be set aside because he had not been advised that misdemeanor sexual battery was subject to lifetime sex offender registration pursuant to section 290.  The trial court denied the petition.

1

On appeal, defendant contends the trial court erred in denying his *coram nobis* petition. We affirm the trial court's order.

At defendant's December 2002 change of plea hearing, the trial court informed him that he would be placed on probation with no additional jail time if he pleaded to misdemeanor sexual battery. After obtaining defendant's waiver of his constitutional rights, the trial court asked defendant, "You heard me indicate what the consequences would be that I would place you on probation, and you heard me indicate the terms of that probation. Do you understand the consequences of this plea?" Defendant replied that he did, and the court took his no contest plea.

According to the *coram nobis* petition filed on February 4, 2014, defendant later violated his probation on the misdemeanor case and felony probation in another case and was sentenced to six years in state prison. The petition further alleged that upon his release on parole, defendant was informed that he was required to register as a sex offender pursuant to section 290 for the misdemeanor sexual battery conviction. Defendant alleged that he "immediately took steps to clarify and to correct this error, including requesting the trial court to place the matter on calendar and address the issue. However, no action was ever take[n]."

In a supplemental brief in support of the petition, defendant alleged that neither court nor counsel advised him that he would be subject to sex offender registration as a result of the plea. Defendant further alleged that no one informed him of the sex offender registration requirement until he was released on parole on September 24, 2006.

The supplemental brief further alleged that defendant tried to rectify the matter with his parole agent, who requested a certified copy of the abstract of judgment to determine whether sex offender registration was ordered and required. The letter, which was appended to the supplemental brief, declared that defendant "was not required to

register" during the court proceedings, and that the parole agent would forward a copy of the abstract to the Department of Justice in order to remove defendant "from his obligation of registering." According to the brief, the request for the abstract was received by the court on February 28, 2007, but it was unknown whether the request was fulfilled.

Defendant next contacted the trial court, which directed him to the probation department. After no progress was made with the probation department, defendant tried to obtain counsel, but was unable to retain one as he could not find one willing to take the case pro bono. He then violated parole and was a fugitive until returning to California in 2009, where he was sentenced to state prison.

Upon his release from prison, defendant found an attorney who would represent him for a fee; defendant paid one-quarter of the fee up front. The matter was placed on calendar on August 21, 2009. The trial court suggested defendant file a writ of habeas corpus and continued the matter to September 4, 2009, so that retained counsel could appear. According to defendant, retained counsel appeared at the continued hearing and informed defendant that he could no longer represent him.

The trial court denied the petition in a written opinion without a hearing. It found that *coram nobis* was not available as failure to advise defendant about the legal effect of registration did not prevent rendition of judgment, and that defendant had another remedy available, habeas corpus, while he was in custody.

### DISCUSSION

Defendant contends the trial court erred in denying his *coram nobis* petition.

We first note that the Attorney General contends the trial court did not have an obligation to notify defendant he was required to register as a sex offender when it took his plea, as the cases supporting the notification requirement, *People v. McClellan* (1993) 6 Cal.4th 367 and *Bunnell v. Superior Court* (1975) 13 Cal.3d 592 were effectively

3

superseded by *People v. Castellanos* (1999) 21 Cal.4th 785, which held that sex offender registration was regulatory and not punitive. The point is not well taken. *Castellanos* held that sex offender registration did not constitute punishment for ex post facto analysis. (*Castellanos*, at p. 788.) The decision did not purport to overrule *McClellan* or *Bunnell*, and a Supreme Court decision after *Castellanos* cited *McClellan* for the proposition that sex offender registration is a direct consequence of a guilty plea. (*In re Resendiz* (2001) 25 Cal.4th 230, 243, fn. 7.)

In *People v. Kim* (2009) 45 Cal.4th 1078 (*Kim*), the California Supreme Court addressed in detail the writ of error *coram nobis* and its history. "We long ago emphasized the limited nature of this legal remedy. Quoting from an old treatise, we opined the writ of error *coram nobis* ' "does not lie to correct any error in the judgment of the court nor to contradict or put in issue any fact directly passed upon and affirmed by the judgment itself. If this could be, there would be no end of litigation . . . . The writ of error *coram nobis* is not intended to authorize any court to review and revise its opinions; but only to enable it to recall some adjudication made while some fact existed which, if before the court, would have *prevented the rendition of the judgment*; and which without fault or negligence of the party, was not presented to the court." ' [Citation.]" (*Id.* at p. 1092.)

Continuing, the *Kim* court observed:

"The seminal case setting forth the modern requirements for obtaining a writ of error *coram nobis* is *People v. Shipman* (1965) 62 Cal.2d 226 . . . . There we stated: 'The writ of [error] *coram nobis* is granted only when three requirements are met. (1) Petitioner must "show that some fact existed which, without any fault or negligence on his part, was not presented to the court at the trial on the merits, and which if presented would have prevented the rendition of the judgment." [Citations.] (2) Petitioner must also show that the "newly discovered evidence . . . [does not go] to the merits of issues tried; issues of fact, once adjudicated, even though incorrectly, cannot be reopened except

4

on motion for new trial." [Citations.] This second requirement applies even though the evidence in question is not discovered until after the time for moving for a new trial has elapsed or the motion has been denied. [Citations.] (3) Petitioner "must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ . . . ." ' (*Id.* at p. 230.)" (*Kim, supra*, 45 Cal.4th at pp. 1092-1093.)

Defendant claims the trial court's finding that habeas relief was available is wrong, as defendant did not learn about the registration requirement until his release on parole in 2006, when he was no longer on probation for the misdemeanor sexual battery conviction and therefore could not file a habeas petition attacking the conviction as he was not in custody. (See *People v. Picklesimer* (2010) 48 Cal.4th 330, 339 [sex offender registration does not constitute custody for the purpose of habeas jurisdiction].) He claims that the failure to advise of sex offender registration is a different type of failure than that addressed in *Kim*, which held that *coram nobis* did not lie for the failure to advise the defendant of the adverse immigration consequences of accepting the plea offer. (*Kim, supra*, 45 Cal.4th at pp. 1084, 1087.) Defendant claims a person not advised of the immigration consequences of the plea has a statutory remedy, vacation of the judgment under section 1016.5, while no such remedy exists for the failure to advise him of sex offender registration. Arguing that the Supreme Court in *Kim* limited the decision to the facts of the case, defendant concludes the trial court erred in denying his petition.

Defendant has failed to raise any claims properly cognizable in a petition for writ of error *coram nobis*. A writ of error *coram nobis* does not issue to correct purported errors of law. (*Kim*, *supra*, 45 Cal.4th at p. 1093; *People v. Banks* (1959) 53 Cal.2d 370, 378; *People v. McElwee* (2005) 128 Cal.App.4th 1348, 1352.) That defendant was unaware that his conviction for misdemeanor sexual battery would subject him to a lifetime duty to register as a sex offender is not a mistake of fact, but one of law. (See

5

*McElwee*, at p. 1352 [defendant's belief he would be paroled after serving 15 years in state prison was a mistake of law, not fact].)  As a mistake of law purportedly attributable to his defense counsel, it cannot be remedied by a petition for writ of error *coram nobis*. (*People v. Gallardo* (2000) 77 Cal.App.4th 971, 987 ["claim that the defendant was deprived of effective representation of counsel is not an appropriate basis for relief by writ of error *coram nobis* and must be raised on appeal or by petition for writ of habeas corpus instead"]; accord, *People v. Chien* (2008) 159 Cal.App.4th 1283, 1290.) Similarly, defendant cannot invoke *coram nobis* to attempt to vacate his judgment of conviction by attacking various incidents of the plea itself, such as the claim he was improperly advised of the consequences of entering his plea or the constitutional rights he lost thereby, particularly when he was represented by counsel.  (See *People v. Banks*, *supra*, 53 Cal.2d at pp. 377-378; *People v. Rodriguez* (1956) 143 Cal.App.2d 506, 507-508.)

The fact that habeas corpus is not available to defendant is not a reason to expand *coram nobis* beyond its limits.  "[A]lthough *coram nobis* exists as a possible remedy in cases where this system breaks down, the availability of that extraordinary remedy, like habeas corpus, 'properly must be tempered by the necessity of giving due consideration to the interest of the public in the orderly and reasonably prompt implementation of its laws and to the important public interest in the finality of judgments.' "  (*Kim, supra*, 45 Cal.4th at p. 1097.)  Contrary to defendant's assertion, the defendant in *Kim* did not have a statutory remedy available.  In *Kim*, the trial court advised the defendant of the immigration consequences; the defendant's claim was that his trial attorney was ineffective in not advising him of the immigration consequences of his plea.  (See *id*. at p. 1107, fn. 20.)  In the companion case to *Kim*, the Supreme Court held that habeas corpus relief was also not available to a defendant not advised of the immigration consequences of his guilty plea.  (*People v. Villa* (2009) 45 Cal.4th 1063, 1066, 1067.) Recognizing that no remedy was available, the Supreme Court in *Villa* suggested

6

defendant petition the federal authorities trying to deport him or the state "Legislature, which has enacted statutory remedies for other persons facing analogous problems," or to seek a pardon from the governor. (*Id.* at pp. 1075-1076.) Notably, absent was any suggestion to expand habeas corpus or *coram nobis* to provide a means for obtaining relief.

As defendant did not allege an error cognizable on *coram nobis*, the trial court correctly denied the petition.

DISPOSITION

The judgment is affirmed.


       HULL       , Acting P. J.


We concur:


    MAURO    , J.


    DUARTE    , J.