304 P.2d 644

STATE of Idaho, Plaintiff-Respondent,

v.

Willard WILSON, Defendant-Appellant.

No. 8427.

Supreme Court of Idaho.

Dec. 12, 1956.

Givens, O'Leary, Doane & Givens, Carver, McClenahan & Greenfield, Boise, for appellant.

Graydon W. Smith, Atty. Gen., J. R. Smead, Asst. Atty. Gen., for respondent.

KEETON, Justice.

Appellant was accused by an information of the infamous crime against nature charged to have been committed with a minor male person. He was arraigned on December 2, 1955. At all stages of the proceedings had and taken against him he was represented by counsel. All procedural formalities were complied with. After arraignment, upon request of appellant's counsel, the matter was continued until December 9th, on which last date he entered a plea of guilty to the crime charged and made a motion to withhold sentence. The case was then referred to the State Board of Correction for presentation and report, and the case continued to December 19th for hearing on the motion. On said last date the prosecuting attorney made a statement to the court on the nature of the offense, the accused's background and environment. Witnesses were then sworn on behalf of defendant and the method and means of treating homosexuality were developed, and opinions of witnesses advanced. Some of the witnesses recommended withholding sentence so that appellant could be given certain recommended treatment by private psychiatrists or in a private hospital.

After the witnesses for appellant had testified and expressed their several opinions, medical and otherwise, appellant then asked for another continuance to secure a further report from Dr. Butler after he had made a more extensive study of the case.

The court then continued the hearing to December 23, 1955, and at that time stated to the appellant:

"*  *  * the Court is not going to give you a withheld sentence or probation. *  *  * your history presented in this case shows that you have extensively engaged in homosexual practices for a considerable time. You have apparently made no effort to stop the practices or to seek help or treatment prior to this time. Further, the act upon which you are particularly charged is an activity with a boy of the age of fourteen years. This Court feels that you as an adult, along with all other adults, have an obligation to

388

the youth of the community * * * Besides the rehabilitation of the individual, society must be protected * * The public and others so inclined must know that if they engage in activities like yours, that they can expect more than the prospect of psychiatric treatment or probation, and those who have similar inclinations must suppress their inclinations * * *."

and denied probation.

No sufficient legal reason having been shown as to why judgment should not be pronounced, the court sentenced appellant to a term of imprisonment in the State penitentiary within the limits prescribed by law. Appellant appealed from the judgment, and in specifications of error asserts the trial court erred in not granting defendant's motion for another continuance to secure further evidence, in refusing to hear testimony of the facilities of the State for treating appellant and in not granting probation.

■ None of the assignments of error is sustainable.

The transcript of the proceedings discloses that pre-sentence investigation was had as requested and appellant's conduct and activities over a long period of years were analyzed. It was conclusively developed at such hearing that appellant was an habitual, persistent homosexual offender.

■ Whether appellant was a good risk or a poor risk for probation is not in itself decisive of the issues and possible rehabilitation is not the controlling consideration.

In cases of crimes committed against society, the trial court must consider the protection of society, the deterrence of the individual and the public generally, the possibility of rehabilitation and punishment for wrongdoings.

The trial judge in the instant situation regarding pre-sentence investigation gave appellant a full opportunity to be heard and did as much or more than is required, or appellant's right to demand. After the hearing he exercised judicial discretion and imposed sentence.

The appellant is not entitled to a withheld sentence or probation as a matter of right. There was no error in not granting a further continuance to secure further evidence. Judgment is affirmed.

TAYLOR, C. J., and PORTER, ANDERSON and SMITH, JJ., concur.