889 P.2d 90

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Ronald Bruce BJORKLUND, Defendant–Appellant.**

**No. 21121.**

Court of Appeals of Idaho.

Dec. 29, 1994.

Petition for Review Denied Feb. 23, 1995.

Litster Law Offices, Boise, for appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent.

PER CURIAM.

This is a sentence review. Ronald Bjorklund pled guilty to an indictment charging him with lewd conduct with a minor under the age of sixteen. I.C. § 18–1508. He received a unified sentence in the custody of the Board of Correction for a term of twenty years, with five years specified as the minimum period of confinement. On appeal, Bjorklund contends that the sentence was an abuse of the district court's discretion. For the reasons expressed below, we affirm.

The record shows that Bjorklund engaged in manual-genital contact with the nine-year-old son of his girlfriend by masturbating the boy and by having the boy masturbate Bjorklund on two separate occasions. At the time of his guilty plea, Bjorklund also admitted to having sexually abused his adolescent son in the State of Washington several years earlier. The plea was entered pursuant to an agreement under which the State would recommend a unified twenty-year sentence with five years fixed, and the State of Washington agreed not to prosecute Bjorklund for the sexual abuse of his son. Upon review of the presentence report and reception of evidence at the sentencing hearing, the district court imposed the sentence recommended by the State. The court subsequently denied a motion later filed by Bjorklund under I.C.R. 35 for reconsideration of the sentence.

Bjorklund's sentence is within the statutory maximum of confinement for life, permitted for lewd conduct with a child under the age of sixteen. I.C. § 18–1508. The appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe*, 99 Idaho 382, 582 P.2d 728 (1978). If the sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Broadhead*, 120 Idaho 141, 814 P.2d 401 (1991). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). On review of a sentence, we conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982).

Bjorklund's sentence was imposed under the Unified Sentencing Act, I.C. § 19–2513, which allows the court to specify a minimum period of confinement. The minimum period specified by the sentencing judge is treated as the probable duration of confinement when a sentence is imposed under the Unified Sentencing Act. *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App.1989). Thus, we view Bjorklund's actual term of confinement as five years. Bjorklund must establish that this period of confinement for his conviction for lewd conduct under I.C. § 18–1508 was an abuse of discretion in light of any reasonable view of the facts. This Court will not substitute its own view for that of the sentencing judge where reasonable minds might differ. *Toohill, supra*.

At the time sentence was imposed, the district court commented:

> I've listened to all the evidence presented as well as the quite extensive presentence report and I've considered all the material. It strikes me that indeed you have undoubtedly done a lot of good and commendable things in your life and you're to be recognized for those things and they are to your credit.
>
> But we're here today for sentencing on an extremely serious crime, and I find it

necessary that I impose a sentence that will not depreciate the seriousness of the crime, will deter others in the community as well as yourself from committing this kind of crime, and perhaps in the area of retribution, you have to pay for the crime. And in regard to that, it will also, I think, affect to some extent the protection of society and the deterrence and retribution.

When I consider everything including the circumstances surrounding the commission of the crime and the seriousness of the crime, I think the recommendation of the state is appropriate.

Accordingly, it is the judgment of the court that you be sentenced to the custody of the Board of Corrections for a term of not less than five years nor more than 20 years.

Bjorklund essentially poses two arguments to support his contention that the district court abused its sentencing discretion. First, he submits that the court did not consider the factor of rehabilitation although the recommendations of two therapists and the presentence investigator supported treatment and probation. Second, he maintains that the court punished Bjorklund more severely than others convicted of similar or worse offenses because Bjorklund was an announced candidate for the office of mayor of the City of Boise at the time he was arrested on the indictment in this case.

We are not persuaded by either of these arguments. As to the question of rehabilitation allegedly overlooked or ignored by the district court, our Supreme Court observed in another sex-crime case, in response to arguments similar to those urged by Bjorklund:

The request for probation was predicated upon the testimony of witnesses as to the defendant's previous good character, reputation and standing in the community; his good family relationships; the testimony of Dr. Cornell, psychiatrist, that he had treated the defendant and considered him a good risk for probation, and that probation is important to continued therapy.

. . .

Rehabilitation is not the controlling consideration in the administration of criminal justice. . . .

The primary consideration is, and presumptively always will be, the good order and protection of society. All other factors are, and must be, subservient to that end. Important as are the humanitarian considerations affecting the accused, his family and other relatives, and the importance of rehabilitation itself, such considerations cannot be allowed to control or defeat punishment, where other factors are ignored or subordinated to the detriment of society.

*State v. Moore,* 78 Idaho 359, 363, 304 P.2d 1101, 1103 (1957). Similarly, in *State v. Wilson,* 78 Idaho 385, 387, 304 P.2d 644, 646 (1956), the court stated:

Whether appellant was a good risk or a poor risk for probation is not in itself decisive of the issues and possible rehabilitation is not the controlling consideration.

In cases of crimes committed against society, the trial court must consider the protection of society, the deterrence of the individual and the public generally, the possibility of rehabilitation and punishment for wrongdoings.

In light of these admonitions, we hold that the district court did not err in focusing on the protection of society and related goals of retribution and deterrence without giving greater consideration to the possibility of rehabilitation.

With respect to Bjorklund's argument that the district court somehow was adversely influenced by Bjorklund's political ambitions, we find nothing in the record to support such an assertion. Bjorklund in essence asks that we draw a negative inference from a silent record, when he argues that, "If the sentencing court did not weigh the fact that Mr. Bjorklund had run for mayor, the court should have stated that [Bjorklund's] exercise of his rights was not an issue." To support this theory, Bjorklund points to the district court's comments at sentencing: that the sentence "will ... affect to some extent the protection of society." Bjorklund suggests that the court meant to convey the message that society would be protected by

Bjorklund's withdrawal as a candidate for mayor as a result of the criminal charge. In other words, Bjorklund intimates that because the court failed to state that Bjorklund's candidacy was not a factor to be considered by the court, the court determined that Bjorklund should be punished for exercising his right to seek a public office as well as for committing the crime to which he pled guilty. Because this argument is not supported by the record, we find that it is without merit.

■ We note that our Supreme Court adheres to the proposition that a sentencing court need not express its reasons for the imposition of a particular sentence. *State v. Newman,* 124 Idaho 415, 860 P.2d 618 (1993); *State v. Nield,* 106 Idaho 665, 682 P.2d 618 (1984); *State v. Osborn,* 104 Idaho 809, 663 P.2d 1111 (1983). We conclude, as a corollary, that there is no error when the sentencing court fails to articulate factors which it determined had no bearing or influence upon its decision when reaching the conclusion as to the appropriate sentence to be imposed in a particular case. Furthermore, where—as here—the record fails to clearly show that the sentencing court relied upon an allegedly improper circumstance in reaching its sentencing determination, we will not assume or insinuate that the court committed error by acting beyond the bounds of its discretion. To the contrary, absent a clear showing by the appellant of error on the part of the court below, the decision made by that court will be presumed correct. *State v. Thomas,* 94 Idaho 430, 489 P.2d 1310 (1971).

We hold that the district court did not abuse its discretion in this case. The judgment of conviction and unified sentence of twenty years, with a minimum period of confinement of five years, for lewd conduct with a minor under the age of sixteen, are affirmed.