941 P.2d 345

Roland BJORKLUND, Petitioner–
Appellant,

v.

STATE of Idaho, Respondent.

No. 23163.

Court of Appeals of Idaho.

June 12, 1997.

Roland Bjorklund, Boise, pro se.

Alan G. Lance, Attorney General; Myrna A.I. Stahman, Deputy Attorney General, Boise, for respondent.

PERRY, Judge.

Ronald Bjorklund appeals from the summary dismissal of his application for post-conviction relief. He alleges that the district court erred in dismissing his application because he had raised genuine issues of materi-

al fact regarding the voluntariness of his guilty plea, the ineffective assistance of his counsel and the timeliness of the state's response to his original application. We affirm.

## I.

### FACTS AND PROCEDURE

The underlying facts of Bjorklund's judgment of conviction and sentence for lewd conduct with a minor under the age of sixteen, I.C. § 18–1508, are set forth in our opinion on Bjorklund's direct appeal, *State v. Bjorklund,* 126 Idaho 656, 889 P.2d 90 (Ct. App.1994), and need not be repeated here.

On February 22, 1996, Bjorklund filed an application for post-conviction relief, alleging, among other things, that his original plea had not been voluntarily entered and that he had been provided ineffective assistance of counsel. Following the state's response to Bjorklund's application, the district court issued a notice of intent to dismiss the application. The district court summarily dismissed the application on June 17, 1996.

Bjorklund now appeals, alleging that the district court erred by summarily dismissing the application when material issues of fact were raised with respect to the voluntariness of Bjorklund's guilty plea and his claim that his counsel was ineffective. Bjorklund further asserts that the district court erred by summarily dismissing the application without ruling on his objection that the state's response to his application was untimely.

## II.

### ANALYSIS

We first note that an application for post-conviction relief initiates a proceeding which is civil in nature. *State v. Bearshield,* 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Clark v. State,* 92 Idaho 827, 830, 452 P.2d 54, 57 (1969); *Murray v. State,* 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct.App.1992). Summary dismissal of an application pursuant to Idaho Code Section 19–4906 is the procedural equivalent of summary judgment under I.R.C.P. 56. Like a plaintiff in a civil action, the applicant must prove by a prepon-

derance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19–4907; *Russell v. State,* 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct.App.1990). An application for post-conviction relief differs from a complaint in an ordinary civil action, however, for an application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, an application for post-conviction relief must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the application. I.C. § 19–4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

Idaho Code Section 19–4906 authorizes summary disposition of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal is permissible only when the applicant's evidence has raised no genuine issue of material fact which, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Gonzales v. State,* 120 Idaho 759, 763, 819 P.2d 1159, 1163 (Ct.App.1991); *Hoover v. State,* 114 Idaho 145, 146, 754 P.2d 458, 459 (Ct.App.1988); *Ramirez v. State,* 113 Idaho 87, 89, 741 P.2d 374, 376 (Ct.App.1987). Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the state does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Roman v. State,* 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct.App.1994); *Baruth v. Gardner,* 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App.1986).

On review of a dismissal of a post-conviction application without an evidentiary hearing, we will determine whether a genu-

ine issue of fact exists based on the pleadings, depositions and admissions together with any affidavits on file; moreover, the court will liberally construe the facts and reasonable inferences in favor of the non-moving party. *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct.App.1993).

## A. Voluntary Entry of Guilty Plea

■ Bjorklund first alleges that the district court erred by summarily dismissing his application when he had properly raised genuine issues of material fact related to the voluntariness of his guilty plea. He claims that, because of misrepresentations and promises of his counsel, he was mistakenly led to believe that even though he was being sentenced to twenty years, with a five-year determinate term, he would be ordered to participate in the "rider" program where he would be evaluated as a possible candidate for probation. Bjorklund alleges that his counsel told him he would be given a lighter sentence if he pled guilty and led him to believe he would not immediately begin serving his sentence. Finally, Bjorklund claims that his counsel failed to inform him of the Idaho Commission of Pardon and Parole's "policy and practice" of refusing to parole sex offenders following the service of their determinate terms, regardless of their custodial behavior or individual rehabilitative progress. Bjorklund argues that, had he known he would not be allowed to participate in the rider program or of the Parole Commission's policy, he would not have entered a guilty plea.

■ When a guilty plea is entered upon the advice of counsel, "the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985), *quoting McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970).

The Idaho Supreme Court has ruled that inaccurate predictions of counsel as to the likely sentence to be imposed do not render a guilty plea involuntary. In *Davidson v. State*, 92 Idaho 104, 437 P.2d 620 (1968), the Court stated:

> A mere prediction by counsel of the court's likely attitude on a sentence, short of some implication of an agreement or understanding, however, is not ground for attacking a guilty plea. Similarly, "it has nowhere been held that if counsel advises his client in good faith that a plea of guilty will result in a recommendation of a lighter sentence in one of several indictments, this strips a plea of its voluntary nature."

*Id.* at 105, 437 P.2d at 621 (citations omitted).

■ Counsel's good faith advice regarding some component of sentencing—here the participation in the rider program—even if such advice ultimately proves inaccurate, does not render a guilty plea involuntary. Similarly, Bjorklund's allegations regarding counsel's representations that he would receive a lighter sentence by pleading guilty and when such sentence would begin, even if true, do not entitle Bjorklund to post-conviction relief.

However, in this particular case, the record belies Bjorklund's assertions. Bjorklund responded to questioning by the district court, as follows: [1]

Q: [THE COURT] With these in mind, how do you plead to the charge of lewd conduct with a minor under 16, here in Ada County about June 19th, 1993, as charged?

A: [BJORKLUND] Guilty.

Q: Has anyone promised you I'd be easy on you if you pled guilty to this crime?

A: No, sir.

Q: Has anyone promised or suggested I'd put you on probation if you pled guilty?

A: No, sir.

. . . .

---

1. The transcript of Bjorklund's plea hearing was originally requested by Bjorklund as part of his notice of appeal, but was not received by this Court until after briefing by the parties was completed. Although the state assumed in its brief that the transcript would not be produced, because it was properly requested in the notice of appeal, it has been made a part of the record in this case.

Q: Now, has anyone offered any rewards of any kind for your plea of guilty other than the plea agreement the attorneys have already discussed here?

A: No, sir.

Bjorklund also claims that his plea was not voluntarily entered because he was not informed of the "policy and practice" of the Parole Commission not to release sex offenders until they had served their entire sentences, including the full indeterminate terms. Bjorklund provides no evidence that such a policy exists, however. There is no constitutional or other requirement that a defendant be informed, prior to the entry of a guilty plea, of popular inmate opinion about the Parole Commission's determinations of parole.

**B.  Ineffective Assistance of Counsel**

▇▇▇ Bjorklund also alleges that the district court erred by dismissing his application when he had raised genuine issues of material fact regarding ineffective assistance of counsel. In order to prove a claim of ineffective assistance of counsel, an applicant must show that the attorney's conduct fell below an objective standard of reasonableness. *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984); *Aragon v. State,* 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). There is a strong presumption that trial counsel's performance falls within the wide range of "professional assistance." *Id.* An applicant must not only show incompetence, but must also show that the deficient conduct so undermined the proper functioning of the adversarial process that the trial or other proceeding cannot be relied upon as having produced a just result. *Ivey v. State,* 123 Idaho 77, 80, 844 P.2d 706, 709 (1992). In order for the applicant to satisfy the second prong of the *Strickland* test, he or she must establish that there is a reasonable probability that the outcome of the trial or proceeding would have been different. *Aragon,* 114 Idaho at 761, 760 P.2d at 1177.

Bjorklund claims that his counsel improperly advised him: (1) that he would receive a less severe sentence if he pled guilty; (2) that he would be sent on a rider program for 180 days and then given probation; and (3) that counsel did not advise him of the "true nature" of the recommended five– to twenty-year sentence.

There is, of course, no way to determine what sentence Bjorklund would have received had he been convicted at trial, though it is clear from the record that because of the plea agreement, Bjorklund would not be prosecuted in Washington for similar offenses. ˙ As to the rider program and counsel's representations of the likely sentence that Bjorklund would receive, counsel's incorrect predictions about a possible sentence or action by the court does not amount to ineffective assistance, and, as discussed above, does not render a guilty plea involuntary. *Davidson,* 92 Idaho at 105, 437 P.2d at 621; *Brooks v. State,* 108 Idaho 855, 857, 702 P.2d 893, 895 (Ct.App.1985).

▇▇▇ Bjorklund also claims that his counsel was ineffective for failing to bring a motion to change venue and for failing to fully investigate the underlying criminal charges. The district court found that there was no right to relief related to these allegations because Bjorklund pled guilty to the crime. Even if true, these matters could have only affected the representation of Bjorklund had the matter gone to trial, which it did not. Hence, there was no right to relief.

▇▇▇ Finally, Bjorklund claims that his counsel was ineffective in failing to inform him of the possibility of entering into an I.C.R. 11 plea agreement which would have also included a minimum sentence. There is no indication that such an agreement was possible in this case. The state had already secured an agreement from the state of Washington not to prosecute other charges as part of the plea bargain. The mere speculation that Bjorklund might have been able to secure such an agreement is not sufficient to warrant post-conviction relief.

**C.  Timeliness of State's Response to Original Application**

▇▇▇ Bjorklund asserts that the district court erred by summarily dismissing his application for post-conviction relief without ruling on the issue of whether the state had

submitted a timely response to his original application. The record indicates that Bjorklund filed his application for post-conviction relief on February 22, 1996. The state filed its answer on April 18, 1996. On May 20, 1996, the district court issued its notice of intent to dismiss.

Idaho Code Section 19-4906(a) requires that the state file any responsive document to the application for post-conviction relief within thirty days of the date of its original filing, or within any further time that the court may fix. In this case, the state did not file its answer within the thirty days, and the district court apparently did not grant an extension. No explanation was given for the delay.

Bjorklund asserts that this delay should have prevented the district court from summarily dismissing the application. We disagree. The question is whether the district court was satisfied, based on the documents before it, that there was no right to relief. Because of the nature of the post-conviction proceeding, the district court would have assumed, for purposes of the summary dismissal, that all of Bjorklund's factual assertions were true. The district court ultimately determined that even if the factual allegations were true, Bjorklund would not be entitled to relief. This determination would have to be made with no regard to the state's counter-assertions of fact or its argument contained in its response.

The Idaho Supreme Court, in *Fetterly v. State*, 121 Idaho 417, 825 P.2d 1073 (1991), stated that the purpose of the thirty-day requirement of I.C. § 19-4906(a) is to "properly frame any factual and legal issues before the district court so that it can make an intelligent ruling." *Id.* at 418, 825 P.2d at 1074, *citing Cherniwchan v. State*, 99 Idaho 128, 578 P.2d 244 (1978). In *Fetterly*, the Supreme Court declined to deem the failure to respond in a timely fashion reversible error.

In this case, the district court made its determination based solely on the application itself, finding that the allegations contained therein did not entitle Bjorklund to relief. As such, the factual and legal issues before the district court were properly framed by Bjorklund's application, and the timeliness of the state's answer is irrelevant.

### III.

### CONCLUSION

Bjorklund did not raise any issue of material fact that would have entitled him to relief in his application for post-conviction relief. The good-faith advice of counsel regarding the possible sentencing decision of the district court, even though inaccurate, does not strip the guilty plea of its voluntariness. Similarly, these representations do not support a claim of ineffective assistance of counsel. The failure to provide Bjorklund information about an alleged policy of the Parole Commission likewise does not entitle him to relief. The timeliness of the state's response to the application was irrelevant to this matter because the summary dismissal would have been based on the application alone and hence no right to relief exists.

The order of the district court summarily dismissing Bjorklund's application is affirmed.

WALTERS, C.J., and LANSING, J., concur.