**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 44880**

| | | |
|---|---|---|
| NEIL G. PATTERSON, | ) | 2017 Unpublished Opinion No. 653 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: November 28, 2017 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Order summarily dismissing petition for post-conviction relief, <u>affirmed</u>; order denying motion for appointment of counsel <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Neil G. Patterson appeals from the district court's order summarily dismissing his petition for post-conviction relief. Specifically, Patterson contends the district court erred by denying his motion for appointment of counsel.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Patterson pled guilty to felony driving under the influence. Idaho Code §§ 18-8004 and 18-8005(9). In exchange, the State agreed to dismiss a persistent violator enhancement. The district court sentenced Patterson to a unified term of six years with two years determinate and retained jurisdiction. Thereafter, the district court relinquished jurisdiction. Patterson appealed, arguing that his sentence was excessive. In an unpublished opinion, this Court affirmed

1

Patterson's judgment of conviction and sentence. *State v. Patterson*, Docket No. 43899 (Ct. App. Aug. 24, 2016).

Patterson subsequently filed a petition for post-conviction relief alleging that his guilty plea had been coerced by defense counsel. Patterson asserted that the persistent violator enhancement violated his constitutional and statutory rights against double jeopardy, against self-incrimination, and to equal protection. Patterson further asserted that the enhancement should have been dismissed through a defense motion. Thus, his counsel was ineffective and coerced his guilty plea by not making the motion, but instead secured dismissal of the enhancement through a plea agreement. In addition, Patterson filed a motion for appointment of post-conviction counsel.

The State filed an answer to Patterson's petition, an objection to the motion for appointment of counsel, and a motion for summary dismissal of the petition. The State argued Patterson's petition failed to raise a material issue of fact and that the claims asserted were "bare and conclusory, unsubstantiated by fact, procedurally defaulted, or clearly disproven by the record." The State's objection to the motion for appointment of counsel asserted that "Petitioner's allegations are frivolous and conclusory, cannot be developed into viable claims and would not be a proceeding that a reasonable person with adequate means would be willing to bring at his own expense and is therefore a frivolous proceeding." The State also attached a copy of the guilty plea questionnaire that Patterson completed for the court at the time he entered his guilty plea and argued it disproved his claims.

Thereafter, Patterson submitted a reply to the State's objection to appointment of counsel and a response to the State's motion for summary dismissal. Therein, Patterson asserted that trial counsel had promised his sentence would result in his participation in a specific rider program and would be followed by probation after successful completion of that program. However, Patterson was ultimately placed in the traditional rider program and, thereafter, jurisdiction was relinquished. Patterson argued this amounted to a coercive and improper promise of a particular sentence.

In its order dismissing Patterson's petition for post-conviction relief, the district court addressed the issue of appointment of counsel first and denied the motion for "the reasons stated herein." Thereafter, when addressing the issue of summary dismissal, the district court determined the ineffective assistance of counsel claims were bare and conclusory, disproved by

the record, and failed to state a claim. The district court concluded that Patterson had failed to substantiate his claim of coercion with the requisite affidavits, records, or other evidence. The district court further concluded the claim was disproved by Patterson's answers in the guilty plea questionnaire. Patterson timely appeals.

## II.

## ANALYSIS

### A. Timeliness of District Court's Denial of Motion for Appointment of Counsel

Patterson argues that the district court abused its discretion when it denied his motion to appoint post-conviction counsel in the same order summarily dismissing Patterson's petition for post-conviction relief. Patterson asserts that the district court made a determination on the substantive issues of Patterson's petition before it addressed the appointment of counsel issue, thereby incorrectly applying the appropriate legal standard. The State counters that the district court did apply the correct legal standards when it denied Patterson's motion for appointment of counsel because the district court is not required to determine whether claims are frivolous without regard for their merits.

If a post-conviction petitioner is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the petitioner in preparing the petition in the trial court and on appeal. I.C. § 19-4904. The decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court. *Grant v. State*, 156 Idaho 598, 603, 329 P.3d 380, 385 (Ct. App. 2014). When a district court is presented with a request for appointed counsel, the court must address this request before ruling on the substantive issues in the case. *Id.*; *Fox v. State*, 129 Idaho 881, 885, 934 P.2d 947, 951 (Ct. App. 1997). The district court abuses its discretion where it fails to determine whether a petitioner for post-conviction relief is entitled to court-appointed counsel before denying the petition on the merits. *Grant*, 156 Idaho at 603, 329 P.3d at 385.

In determining whether to appoint counsel pursuant to I.C. § 19-4904, the district court should determine if the petitioner is able to afford counsel and whether the situation is one in which counsel should be appointed to assist the petitioner. *Grant*, 156 Idaho at 603, 329 P.3d at 385. In its analysis, the district court should consider that petitions filed by a pro se petitioner may be conclusory and incomplete. Facts sufficient to state a claim may not be alleged because they do not exist or because the pro se petitioner does not know the essential elements of a claim.

3

*Id.* Some claims are so patently frivolous that they could not be developed into viable claims even with the assistance of counsel. *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004). However, if a petitioner alleges facts that raise the possibility of a valid claim, the district court should appoint counsel in order to give the petitioner an opportunity to work with counsel and properly allege the necessary supporting facts. *Grant*, 156 Idaho at 603, 329 P.3d at 385.

In looking at whether a petitioner alleges facts that raise the possibility of a valid claim, which would support an appointment of counsel, all inferences must run in favor of the petitioner. *Melton v. State*, 148 Idaho 339, 342, 223 P.3d 281, 284 (2009). Whether an issue is possibly a valid claim is determined by considering if the facts alleged are such that a reasonable person with adequate means would be willing to retain counsel to conduct further investigation into the claim. *Swader v. State*, 143 Idaho 651, 654-55, 152 P.3d 12, 15-16 (2007). "[A] pro se petitioner may be unable to present sufficient facts showing that his or her counsel's performance was deficient or that such deficiency prejudiced the defense. That showing will often require the assistance of someone trained in the law." *Id.* Thus, a court's consideration includes whether the appointment of counsel would have assisted a petitioner in conducting an investigation into facts not in the record. *Melton*, 148 Idaho at 342, 223 P.3d at 284. A question of whether the petitioner meets the "possibility of a valid claim" standard to support an appointment of counsel is different than a question about the potential success on the merit of the claims. *Swader*, 143 Idaho at 655, 152 P.3d at 16. For a question about the potential success on the merit of a post-conviction claim, the standard is whether a petitioner presents a genuine issue of material fact sufficient to survive summary dismissal. *See* I.C. § 19-4906(c). Showing the possibility of a valid claim is a decidedly lower threshold than establishing a genuine issue of material fact. *Judd v. State*, 148 Idaho 22, 24, 218 P.3d 1, 3 (Ct. App. 2009).

Patterson asserts that the district court abused its discretion by considering the substantive merits of the petition for post-conviction relief before addressing the motion to appoint counsel. Patterson's argument fails. The district court took up Patterson's motion for appointment of counsel as the first issue addressed in its order dismissing petition for post-conviction relief. The district court also identified the correct standard to apply:

> This Court must examine the Petition to determine whether the facts alleged justify the appointment of counsel. If such facts appear to this Court to be frivolous, or the situation presented does not appear to be one in which counsel

4

should be appointed to assist the Petitioner, this Court may deny the request for counsel.

The district court further noted that Idaho appellate court decisions indicate an order that simultaneously dismisses a post-conviction action and denies a motion for appointed counsel will be upheld on appeal if two requirements are met. First, the petitioner received notice of the fatal deficiencies of the petition. Second, if the request for counsel would properly be denied when the standard governing a motion for appointment of counsel is correctly applied--that is, when the petitioner did not allege facts raising even the possibility of a valid claim. *Workman v. State*, 144 Idaho 518, 529, 164 P.3d 798, 809 (2007); *Swader*, 143 Idaho at 653-55, 152 P.3d at 14-16; *Plant v. State*, 143 Idaho 758, 760-63, 152 P.3d 629, 631-34 (Ct. App. 2006); *Newman*, 140 Idaho at 493-94, 95 P.3d at 644-45. Patterson had been put on notice of the basis for the State's request that the petition be summarily dismissed. Because it applied the correct legal standard, the district court did not err by denying Patterson's motion for appointment of post-conviction counsel in the same order as its denial of Patterson's petition for post-conviction relief. Thus, we next turn to whether Patterson's petition for post-conviction relief alleged facts which raised the possibility of a valid claim to support appointment of counsel.

## B.     Possibility of a Valid Claim in Petition for Post-Conviction Relief

Patterson argues that he raised the possibility of a valid claim in his petition when he alleged that trial counsel was ineffective due to counsel improperly promising that Patterson would receive a particular sentence in exchange for a guilty plea. A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). Where, as here, the petitioner was convicted upon a guilty plea, to satisfy the prejudice element, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant*, 143 Idaho at 762, 152 P.3d at 633. This Court has long adhered to the proposition that

5

tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

In his brief in support of post-conviction relief, Patterson alleged that "his guilty plea was not voluntarily entered, but rather was coerced by counsel as an agreement to dismiss a charge as a persistent violator, and avoid harsher penalties associated with such a charge." Patterson further alleged that "his counsel promised that with a guilty plea, he would be sentenced to a CAPP Rider and placed upon probation following successful completion." Instead, Patterson "was placed in a traditional Rider and sentence was imposed by the court." Patterson also stated that he "did suffer prejudice, and it is probable that the outcome would have been different." The district court found that Patterson failed to substantiate his claims with any admissible evidence and that the claims were disproved by the record, specifically by Patterson's guilty plea questionnaire.

On appeal, Patterson claims that although he did not present evidence in support of his assertion regarding the details of trial counsel's promise, he did allege relevant facts that establish a genuine issue of material fact. Further, Patterson asserts that the district court's reliance on the guilty plea questionnaire is misplaced because the questionnaire did not eliminate trial counsel's obligation to properly and effectively advise Patterson as to the plea agreement.

In support of his argument, Patterson points to *Machibroda v. United States*, 368 U.S. 487 (1962). In *Machibroda*, the United States Supreme Court recognized that a guilty plea induced by promises or threats which deprive it of the character of a voluntary act is void. *Id.* at 493. Further, if allegations that such a promise was made are true, the petitioner is entitled to have his sentence vacated. *Id.* However, *Machibroda* is factually distinguishable from the case at bar because in that case, the defendant filed a motion for relief based on a claim of unfulfilled promises regarding sentencing by the prosecutor, not his own counsel. Further, the *Machibroda* Court held that the district court violated federal statutory law by not holding a hearing on the claim, but instead "made findings on controverted issues of fact without notice to the petitioner and without a hearing." *Id.* at 494. Thus, the *Machibroda* case addressed only when, under federal statutes, a court must conduct a hearing when a defendant files a motion claiming that his plea was induced by false promises by the prosecution. It does not provide guidance here.

6

It is well settled that counsel's good faith predictions as to the likely sentence to be imposed, although inaccurate, do not render a guilty plea involuntary. *Davidson v. State*, 92 Idaho 104, 105, 437 P.2d 620, 621 (1968); *Bjorklund v. State*, 130 Idaho 373, 376, 941 P.2d 345, 348 (Ct. App. 1997); *see also Russell v. State*, 105 Idaho 497, 670 P.2d 904 (Ct. App. 1983). Of course, counsel's advice, even if later proven inaccurate, must be given in good faith. *Davidson*, 92 Idaho at 105, 437 P.2d at 621; *Bjorklund*, 130 Idaho at 376, 941 P.2d at 348. The court will presume that counsel acted in good faith unless there is an affirmative showing to the contrary. *Davidson*, 92 Idaho at 105, 437 P.2d at 621. In *Davidson*, the defendant argued that counsel's estimation of a significantly lesser sentence caused his plea to be coerced. In rejecting that argument, the Idaho Supreme Court stated: "Advice from counsel, without more . . . is not such overbearing force as to constitute coercion." *Davidson*, 92 Idaho at 106, 437 P.2d at 622. However, if an attorney provides his or her client with advice which goes beyond the range of competence demanded of attorneys during the plea process, that advice may deprive the plea of the requisite voluntariness. *Nevarez v. State*, 145 Idaho 878, 884, 187 P.3d 1253, 1259 (Ct. App. 2008).

Moreover, this Court, in *Bjorklund*, encountered and rejected an argument nearly identical to that which Patterson now makes. There, Bjorklund alleged his guilty plea was rendered involuntary because of misrepresentations and promises of his counsel that he would be ordered to participate in the rider program where he would be evaluated as a possible candidate for probation. *Bjorklund*, 130 Idaho at 376, 941 P.2d at 348. Bjorklund also alleged his counsel told him he would be given a lighter sentence if he pled guilty, among other assurances. He asserted that had he known of the inaccuracies of counsel's advice, he would not have entered a guilty plea. We concluded defense counsel's good-faith advice regarding sentencing, even where it ultimately proved inaccurate, did not render Bjorklund's plea involuntary. *Id*. Additionally, the record contradicted Bjorklund's assertions because the district court, in accepting Bjorklund's plea, had specifically asked whether probation or any other leniency was promised in exchange for the plea, to which Bjorklund responded it was not. *Id*. at 376-77, 941 P.2d at 348-49.

After reviewing the record, it is apparent that Patterson's petition for post-conviction relief did not raise the possibility of a valid ineffective assistance of counsel claim. Patterson did not present a viable claim of deficient performance, as required by the first part of the *Strickland*

test, based on defense counsel's assertion that Patterson would be placed in a specific rider program or that probation was a possible sentence. There is no evidence, beyond Patterson's bare and conclusory allegations, that his counsel coerced him into pleading guilty. Patterson's assertion that probation was a promise is contradicted by the guilty plea form. As found by the district court, Patterson circled "yes" when asked in Question 6 of the guilty plea form whether the guilty plea was the result of a plea agreement. Subparagraph (a) of that question asked: "If YES, what do you understand the terms of the plea agreement to be?" In his own handwriting, Patterson wrote: "Plea to DUI felony. State will withdraw persistent violator enhancement and will recommend a sentence not to exceed 4 fixed with 6 indeterminate." There is no mention of a specific rider program or probation. In a later question, Patterson further indicated his guilty plea was entered voluntarily and that no one was forcing him to plead guilty.

As specifically found by the district court, counsel's performance also did not fall outside the reasonable range of competence expected from attorneys. "[S]trategic and tactical decisions will not be second guessed or serve as a basis for post-conviction relief under a claim of ineffective assistance of counsel unless the decision is shown to have resulted from inadequate preparation, ignorance of the relevant law or other shortcomings capable of objective review." *Pratt v. State*, 134 Idaho 581, 584, 6 P.3d 831, 834 (2000). Patterson has presented no evidence suggesting that trial counsel's advice was the product of inadequate preparation or another shortcoming capable of objective review.

Nor did Patterson present a viable claim of prejudice, as required by the second part of the *Strickland* test. Although Patterson made a bare claim that he "did suffer prejudice, and it is probable that the outcome would have been different," he failed to allege any actual prejudice.

### III.

### CONCLUSION

The district court did not err when it applied the correct legal standards and denied the motion for counsel as the first issue it considered. Patterson has failed to show the possibility of a viable claim. As Patterson could not meet the lower bar for appointment of counsel, the district court correctly dismissed his petition for post-conviction relief. The district court's order dismissing Patterson's petition for post-conviction relief and denying his request for counsel is affirmed.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.