**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44851**

| | | |
|---|---|---|
| ERIC SCOTT SPOKAS, | ) | 2018 Unpublished Opinion No. 331 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: January 23, 2018 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick H. Owen, District Judge.

Order dismissing petition for post-conviction relief and denying motion for appointment of counsel, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Chief Judge

Eric Scott Spokas appeals from the district court's order denying his motion for appointment of post-conviction counsel.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Spokas was charged with attempted strangulation, Idaho Code § 18-923, and pled guilty to the reduced charge of felony aggravated assault, I.C. §§ 18-901(b), 18-905(b), pursuant to an *Alford*[1] plea. The district court imposed a unified term of four years with two years determinate and placed Spokas on probation. He appealed his sentence and judgment of conviction, and in

---

[1]     *North Carolina v. Alford*, 400 U.S. 25 (1970).

1

an unpublished opinion, this Court affirmed the district court. *State v. Spokas*, Docket No. 43933 (Ct. App. Aug. 1, 2016).

Thereafter, Spokas filed a pro se petition for post-conviction relief alleging his trial counsel was ineffective for failing to investigate or prepare for trial. Spokas also filed a motion for appointment of counsel which was denied. The district court issued a notice of intent to dismiss Spokas's petition based on its finding there was no right to relief because Spokas pled guilty to the crime. After Spokas filed his response to the notice, the district court issued an order summarily dismissing the petition with the same reasoning included in its notice. Spokas timely appeals.

## II.

## ANALYSIS

Spokas asserts the district court abused its discretion by denying his motion for appointment of counsel because his petition raised the possibility of a valid claim. If a post-conviction petitioner is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the petitioner in preparing the petition in the trial court and on appeal. I.C. § 19-4904. The decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court. *Grant v. State*, 156 Idaho 598, 603, 329 P.3d 380, 385 (Ct. App. 2014). When a district court is presented with a request for appointed counsel, the court must address this request before ruling on the substantive issues in the case. *Id*. The district court abuses its discretion where it fails to determine whether a petitioner for post-conviction relief is entitled to court-appointed counsel before denying the petition on the merits. *Id*.

In determining whether to appoint counsel pursuant to I.C. § 19-4904, the district court should determine if the petitioner is able to afford counsel and whether the situation is one in which counsel should be appointed to assist the petitioner. *Grant*, 156 Idaho at 603, 329 P.3d at 385. In its analysis, the district court should consider that petitions filed by a pro se petitioner may be conclusory and incomplete. *Id*. Facts sufficient to state a claim may not be alleged because they do not exist or because the pro se petitioner does not know the essential elements of a claim. *Id.* Some claims are so patently frivolous that they could not be developed into viable claims even with the assistance of counsel. *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004). However, if a petitioner alleges facts that raise the possibility of a valid

2

claim, the district court should appoint counsel in order to give the petitioner an opportunity to work with counsel and properly allege the necessary supporting facts. *Grant*, 156 Idaho at 603, 329 P.3d at 385.

Spokas filed a motion and affidavit for appointment of counsel. Spokas argues that he alleged facts sufficient to raise the possibility of a valid claim of ineffective assistance of counsel due to his trial counsel failing to present video evidence, physical evidence, medical evidence, and failing to address evidence of the victim's habits, substance abuse, character, and physical condition. In its order summarily dismissing Spokas's petition for post-conviction relief, the district court found:

> Spokas has not demonstrated that challenging or pursuing certain discovery would have changed the outcome. Spokas' Response does not add any evidence to establish that the outcome would have been different. Among other things, there was no right to relief related to these allegations because Spokas pled guilty to the crime. Even if true, these matters could have only affected Spokas' representation had he gone to trial, which he did not. Therefore, there was no right to relief.

This case is analogous to *Bjorklund v. State*, 130 Idaho 373, 377, 941 P.2d 345, 349 (Ct. App. 1997), in which the petitioner claimed his trial counsel was ineffective for failing to bring a motion to change venue, and for failing to fully investigate the underlying criminal charges. This Court affirmed the district court's finding that there was no right to relief related to these claims because the petitioner pled guilty to the crime and also noted that even if true, the claims could have only affected the representation of the petitioner had the case gone to trial, which it did not. *Id.* Spokas contends the instant case is distinguishable from *Bjorklund* because the petitioner in that case did not file a motion for appointment of counsel. Thus, Spokas argues the district court in the instant case applied the incorrect legal standard since a petitioner who files a motion for appointment of counsel need not show he has a right to relief, but rather, he must allege facts showing the possibility of a valid claim. *Shackelford v. State*, 160 Idaho 317, 325, 372 P.3d 372, 380 (2016). However, since the district court correctly found that there is no right to relief on the ineffective assistance of counsel claim, then it follows that the petitioner has not raised the possibility of a valid claim. Consequently, it is not a situation in which counsel should be appointed to assist the petitioner.

Spokas also contends that his situation is different since he entered an *Alford* plea, although this distinction is insignificant. The focus in the holding of *Bjorklund* appears to be

based on the trial not taking place. Like the petitioner in *Bjorklund*, there was no right to relief related to Spokas's ineffective assistance of counsel allegations because even if true, they could have only affected his representation had he gone to trial, which he did not. Therefore, these claims could not be developed into viable claims even with the assistance of counsel.

Moreover, Spokas never filed any affidavits creating factual issues regarding his ineffective assistance of counsel claims. A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986).

Spokas's petition for post-conviction relief was verified but without any accompanying affidavits or supporting documents. Spokas contends he did submit additional facts supporting his claims in his response to the district court's notice of intent to dismiss. However, this was addressed by the district court, which correctly noted that his response was not signed or verified and does not add any factual issue regarding his claims.

The district court followed the appropriate standards and procedures when it denied Spokas's motion for appointment of counsel. His petition and response failed to allege facts

sufficient to raise the possibility of a valid claim and he did not provide supporting evidence; thus, the denial of appointment of counsel was appropriate.

## III.

## CONCLUSION

The order of the district court denying Spokas's motion for appointment of post-conviction counsel is affirmed.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.